380 So.2d 1288 (1980)
STATE of Florida, Petitioner,
v.
Cleveland FREEMAN, Respondent.
No. 56215.
Supreme Court of Florida.
March 6, 1980.
Jim Smith, Atty. Gen., and Max Rudmann and Kenneth G. Spillias, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Peter D. Blanc and Jon May, Asst. Public Defenders, West Palm Beach, for respondent.
ALDERMAN, Justice.
This cause is before us to review the decision of the District Court of Appeal, Fourth District, 371 So.2d 114 (Fla.4th DCA 1978), which directly conflicts with Smith v. State, 375 So.2d 864 (Fla.3d DCA 1979), and Yost v. State, 243 So.2d 469 (Fla.3d DCA 1971). The sole question presented is whether a separate instruction on identity and the State's burden of proof thereon must be given in every case where identity is in issue and where such instruction is requested. We answer this question in the negative and therefore quash the decision of the district court.
Appellant, Cleveland Freeman, requested that the jury be given a separate instruction on identity advising that the State must prove beyond a reasonable doubt not only that the offense was committed as alleged but also that defendant is the person who committed it. The trial court declined to give a separate identity instruction. On appeal, although recognizing that the Third District Court of Appeal takes an opposite view, the Fourth District reversed Freeman's robbery conviction and held that "when identity is virtually the only issue being tried and the state's case rests on the evidence of a single witness whose testimony is sharply challenged we believe that it is necessary for the jury to have more guidance on that issue than the indirect references to the `defendant' contained in the court's charge." 371 So.2d at 116. Judge Moore dissented and stated:
In charging the jury on the elements of the crime, the burden of proof, and the presumption of innocence, the court made reference to "the" defendant no less than 36 times. There was only one defendant in the courtroom and it is inconceivable to me that the jury did not realize about whom the court was talking or that the jury must find this particular defendant guilty of each and every element of the crime beyond a reasonable doubt. In my opinion the charges as given were complete. It is difficult for me to fault a trial judge who follows the standard jury instructions as approved by our Supreme Court, which instructions are clear, comprehensive and correct. When that is done a conviction based thereon should be *1289 affirmed. See, Yost v. State, 243 So.2d 469 (Fla.3d DCA 1971). See also, State v. Perryman, 49 Ohio St.2d 14, 358 N.E.2d 1040, 1049 (1976).
The failure to give the requested instruction in no way precluded the defense from arguing that the state failed to prove the defendant guilty beyond a reasonable doubt. To the contrary, a review of defense counsel's opening and closing arguments to the jury reveal that the gist of his argument was that the defendant was not proved guilty beyond a reasonable doubt. This argument was based primarily upon the testimony concerning the identity of the accused as related to the jury by the victim. Where the trial court's instructions sufficiently conveyed the substance of the appellant's requested charge it was not error to refuse the requested instruction.
371 So.2d at 118.
We agree with Judge Moore's dissent and hold that the trial court did not err in refusing to give the requested identity instruction. The charges given by the trial court were clear, comprehensive, and correct. From the instructions given, it is clear that the burden is upon the State to prove beyond a reasonable doubt all of the elements of the alleged crime including the identity of the defendant.
Accordingly, we quash the decision of the district court and remand with directions to reinstate the conviction.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.