423 So.2d 599 (1982)
Earnest James BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-270.
District Court of Appeal of Florida, Third District.
December 21, 1982.
Bennett H. Brummer, Public Defender, and Robin H. Greene, Asst. Public Defender, Clare Tacher, Certified Legal Intern, for appellant.
Jim Smith, Atty. Gen., and Scott A. Silver, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
*600 HENDRY, Judge.
The appellant, Earnest James Brown, was charged in a three count information with (1) sexual battery, (2) robbery and (3) burglary. A jury found him guilty of sexual battery on count one, petit theft on count two and burglary on count three.
The court adjudicated him guilty and imposed a life sentence on the burglary count and suspended sentence as to the other two counts. However, the written order states that the life sentence was imposed for count one (sexual battery).
Appellant contends that the trial court erred in entering a written sentencing order which differed from the court's oral pronouncement. We find merit in this contention. The written sentence must be corrected to conform to the oral pronouncement of the court. Sirmons v. State, 405 So.2d 310 (Fla. 4th DCA 1981); Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980); petition for review denied, 397 So.2d 779 (Fla. 1981).
As to the conviction, appellant seeks reversal on the ground that the trial court erred in denying his request for a special jury instruction on identification since it was a critical issue at trial. We find no error in the trial court's instructions to the jury. The instructions given were clear, comprehensive and correct. No special instruction on the issue of identity was necessary or required. The issue was adequately covered in the standard jury instructions that were given. State v. Freeman, 380 So.2d 1288 (Fla. 1980); Smith v. State, 375 So.2d 864 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980); Cruz v. State, 310 So.2d 360 (Fla. 3d DCA 1975).
For the reasons stated the judgment appealed is affirmed, but the cause is remanded for correction of the sentence in accordance with this opinion.
Affirmed and remanded.