PER CURIAM.
Upon the State’s proper confession of error, we remand this case to the trial court for entry of a corrected sentencing order.
The record establishes that the trial court’s oral pronouncement of sentence con *365 formed to the plea agreement entered into between the State and the defendant, namely that the sentences in Dade County case numbers 91-38843B and 92-16974B, which are to be served concurrently, are also to be served concurrently with Broward County ease number 93-2794CFA. However, the written sentencing order deviates from the court’s oral pronouncement and the plea agreement. Accordingly, the written sentence must be corrected to conform to the oral pronouncement of the court. Vazquez v. State, 635 So.2d 1088 (Fla. 3d DCA 1994); Brown v. State, 423 So.2d 599 (Fla. 3d DCA 1982). Should the trial court decline to enter such an order, defendant must be allowed the opportunity to withdraw his plea. See Buffa v. State, 641 So.2d 474 (Fla. 3d DCA 1994) (on remand for resentencing, should court decline to enter sentence in accordance with plea agreement, court must afford defendant opportunity to withdraw plea).
Remanded with instructions.