728 So.2d 758 (1999)
Vincent BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3045
District Court of Appeal of Florida, Third District.
February 3, 1999.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before NESBITT, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
The defendant appeals his conviction for three counts of armed robbery, arguing that the trial court erred in the jury selection process by denying his challenges for cause of five prospective jurors.[1] While we are not persuaded that the trial court erred as to all five prospective jurors, we conclude that reversal is required based on the denied challenge to prospective juror Mercado.[2]
*759 During the jury selection process the following dialogue took place:
"THE COURT: You are Mr. Mercado?
MR. MERCADO: Yes. Correct. A good friend of mine was involved in an attempted murder where somebody tried to shoot him and that I haven't really been able to deal with that as far as not having a biased opinion on people involved in armed robbery and cases like that. Depending onI don't knowanything about his case but I have reallyI have little patience for these types of crimes.
THE COURT: Okay. Well, I guess we could all say we all have little patience for these types of crimes. The question is whether you would be able to set aside your personal feelings concerning crime or what happened to your friend and whether you could listen to the evidence in this case and deliberate on the case solely based on what you hear or whether you would have a preconceived notion about things because of what happened to your friend?
MR. MERCADO: I am not really positive about that, but I guess that I would just have to go through it. I really couldn't say for sure how I would react.
THE COURT: Well, if I instructed you that you could not take that into consideration, that you had to listen and judge this case solely based on what you hear without being influenced by any of those things, could you follow that instruction?
MR. MERCADO: Yeah, I think so."[3]
T. 21-22.
Based on this dialogue, the defendant unsuccessfully challenged Mercado's competency to sit as a juror.
The test for determining juror competency is whether the prospective juror can set aside any bias or prejudice and render a verdict based solely on the evidence presented and the instructions on the law given by the trial court. Smith v. State, 699 So.2d 629 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1194, 140 L.Ed.2d 323 (1998); Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). The question of the competency of a challenged juror is one of mixed law and fact to be determined by the trial court in its discretion, and its decision will not be disturbed unless error is manifest. Singer v. State, 109 So.2d 7 (Fla.1959). This broad discretion is granted the trial court because, unlike the reviewing court which is limited to a cold transcript, the trial court directly hears the tone and inflection of the prospect's voice and observes the prospect's facial expressions, "body language" and other physical demeanor, and thus generally has the better ability to assess the individual's candor and the probable certainty of the answers to critical questions. State v. Williams, 465 So.2d 1229 (Fla.1985).
The trial court's discretion is not absolute however. For example, that discretion is abused where the court refuses to excuse for cause a prospective juror who responds with equivocal or conditional answers, thus raising a reasonable doubt as to whether the prospect possesses the state of mind necessary to render an impartial decision. Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989). Even a cold transcript can reveal equivocal or conditional responses not reflective of a prospect's final detached determination to serve as a fair and impartial juror. A reviewing court may therefore, from time to time and as to juror equivocations, find itself with a better view than the trial court because of the greater amount of time available to it for rendering decisions. Such is the situation in this case. Prospective juror Mercado's responses, including "Yeah, I think so," when asked whether he would be able to follow the trial court's instructions, are equivocations, and thus raise a reasonable doubt as to whether he could serve as a fair and impartial juror. As a result the trial court abused its discretion when it denied the defendant's challenge of Mercado for cause.
*760 The defendant's conviction and sentence are reversed and the cause is remanded for a new trial.
NESBITT, J., concurs.
GREEN, J. specially concurring.
I fully concur that we must reverse this cause for a new trial where the trial court failed to excuse Mr. Mercado for cause, but based upon my review of the record, I believe that the trial court also manifestly erred in failing to excuse an additional prospective jurorMr. Esquijarosafor cause as well. In its initial statement to the prospective jurors, the trial court stated that the appellant had been charged with three counts of armed robbery and requested a show of hands of those persons who would be unable to serve fairly and impartially as jurors on a case of this nature. Both Mr. Mercado and Mr. Esquijarosa raised their hands in response to this question by the court. Specifically, with regards to Mr. Esquijarosa, the following transpired:
* * * *
THE COURT: Okay. The defendant in this case has been charged with three counts of armed robbery. I need to know whether there is anyone sitting on the panel that would be unable to sit as a fair impartial juror just because of the nature of those charges? Anyone?
Okay. We have a couple of hands up. I will start in the front with Mr. Esquijarosa.
MR. ESQUIJAROSA: Armed robbery you said?
THE COURT: Yes.
MR. ESQUIJAROSA: I was held up at gunpoint and at shotgun point, and I don't have any sympathy, depending, I guess. I don't know.
THE COURT: Well, the question is this
MR. ESQUIJAROSA: Okay.
THE COURT: Nobody is asking for you to have any sympathy. The point, in fact, is that you haven't heard anything about this case. Mr. Brown is presumed innocent as he sits there, and what happened to you certainly has nothing to do with this case and whether you would be able to set aside any personal feelings you may have about that and just listen and deliberate on this case solely on the facts you hear here, or, whether you would be thinking about what you heard or what happened to you.
MR. ESQUIJAROSA: There won't be no problem with that.
THE COURT: There won't be a problem for you?
Okay. So, can you promise me that you would not be thinking about what happened to you when you were listening to the evidence in this case?
MR. ESQUIJAROSA: I won't be. There won't be a problem.
THE COURT: Was there anybody else in the front?
MR. MERCADO: Yes.

* * * *
Later, in response to questioning from defense counsel concerning his ability to sit as a fair and impartial juror, Mr. Esquijarosa responded as follows:
DEFENSE COUNSEL: Okay. My same question to you. Do you think that you would sit and sort of relate to what might cause you, I don't know, some concern to relive the incident that happened to you?
MR. ESQUIJAROSA: I can't say yes or no. It all depends.
In my view, given Mr. Esquijarosa's understandable ambivalence about sitting as a juror in an armed robbery trial after he himself had been a victim, it is clear that he did not possess the requisite impartial state of mind necessary to render a fair verdict. He thus should have been excused for cause. See Hamilton v. State, 547 So.2d 630, 632 (Fla.1989).
Beginning with its decision in Singer v. State, 109 So.2d 7 (Fla.1959), the supreme court enunciated the following rule to be utilized by trial courts in determining juror competency:
[I]f there is [a] basis for any reasonable doubt as to any juror's possessing that *761 state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial[,] he should be excused on motion of a party, or by the court on its own motion.
Id. at 23-24; see also Moore v. State, 525 So.2d 870, 872 (Fla.1988); Hill v. State, 477 So.2d 553, 555 (Fla.1985). Singer also reaffirmed the proposition that:
[A] juror's statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him [or] from other evidence that he is not possessed of a state of mind which will enable him to do so.
109 So.2d at 24; see also Leon v. State 396 So.2d 203, 205 (Fla. 3d DCA 1981). Later, in Lusk v. State, 446 So.2d 1038 (Fla.1984), the supreme court described the test for juror competency thusly: "[t]he test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." Id. at 1041. Still later, however, the supreme court emphasized that the standards for juror competency enunciated in Singer and Lusk must be construed together. Hamilton 547 So.2d at 632-33. Thus, for example, even where a prospective juror states, in response to questions from the bench, that he or she could hear the case with an open mind, if his or her responses to other questions raise reasonable doubt about his or her impartiality, that juror must be excused for cause. Id. at 633.
In this case, Mr. Esquijarosa initially and candidly informed the court of his doubts about his ability to sit fairly in this case. The fact that he may have later related to the court that he would not allow his personal feelings or experience to affect his decision making process was not necessarily dispositive as to his competency, given the equivocation of his other responses to the court and defense counsel. In light of Mr. Esquijarosa's expressed personal feelings about his own victimization by an armed robber, it is difficult for me to understand how he could have been sufficiently rehabilitated to serve as a fair and impartial juror in a case of this nature. As the appellant correctly asserts, a juror is not impartial when one party must overcome that juror's preconceived opinion in order to prevail. See Hamilton, 547 So.2d at 633; Hill, 477 So.2d at 556.
For these reasons, I agree with the majority that the appellant is entitled to a new trial.
NOTES
[1] The defendant also argues that the trial court erred in denying a special jury instruction. We conclude, however, that the matter was adequately covered in the standard jury instructions and thus the trial court did not err by rejecting defendant's special instruction. See Brown v. State, 423 So.2d 599 (Fla. 3d DCA 1982).
[2] The issue was preserved by the defendant in the fashion set forth in Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922, 923 (Fla. 4th DCA 1988).
[3] The trial court, after questioning other prospects, returned to Mercado, but we do not find that additional dialogue to be helpful to our analysis.