829 So.2d 342 (2002)
Denis SALGADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-275.
District Court of Appeal of Florida, Third District.
October 30, 2002.
*343 Bennett H. Brummer, Public Defender and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and SHEVIN, JJ.
GREEN, J.
Denis Salgado appeals his conviction for leaving the scene of an accident with injury and driving without a valid license, arguing that the trial court erred in the jury selection process by denying his challenge for cause of one prospective juror. We agree and reverse.
During voir dire, counsel for Salgado asked the potential jurors, among other things, whether or not they would give more credence to testimony given by a police officer than that given by a civilian. The discourse between the court, defense counsel, and the juror at issue, juror Barrett, was as follows:
DEFENSE COUNSEL: Mr. Barrett, what about you?
JUROR BARRETT: I'd probably give a little bit more credibility to the police officer because of his experience and training.
DEFENSE COUNSEL: And so a law enforcement officer would get a bit more of an advantage as a witnesses (sic) than say civilian witnesses?
JUROR BARRETT: Right, all things being equal.
* * *
THE COURT: Mr. Barrett, let me explain how this works. I told you at the beginning we decide cases based on what is presented in the courtroom as opposed to what you may know outside the courtroom. You bring your knowledge and common sense in the courtroom, of course you do, and your experience, but you have to assess their credibility and their veracity, their honesty, or their reliability as a witness by what you hear in the courtroom. Okay, do you understand that?
JUROR BARRETT: Yes, sir.
* * *
THE COURT: So the question is, do you entertain the possibility that a law enforcement officer is capable of falsehoods, of lying?
JUROR BARRETT: I think it's possible that law enforcement officers may occasionally lie.
THE COURT: Okay. Do you think they're going to perhaps be somehow more believablewe're not talking about training, I'm talking about just plain honestythan somebody else who comes off the street or comes out of society, a doctor, lawyer, Indian chief, business man, carpenter, I mean, do you think, are you telling me that you think police officers are somehow more credible?
JUROR BARRETT: No. I would say as far as comparing a police officer to anybody else, there's probably no difference in honesty.
* * *
THE COURT: All right. Thank you very much.
DEFENSE COUNSEL: So just to finish up on this, Mr. Barrett, in what ways *344 would you give more credibility to law enforcement witnesses than as compared to other witnesses?
JUROR BARRETT: It would be difficult to give an example.
DEFENSE COUNSEL: Okay. Can you give me a general idea of why that would or how that would occur?
JUROR BARRETT: Not really. Just from common sense I would think that a police officer would be a little bit more credible than somebody else, if they're looking at the same thing.
THE COURT: If what?
JUROR BARRETT: If they're looking at the same evidence. Just from experience, I think the police officer may be a little more credible.
Salgado's defense counsel sought to have juror Barrett excused for cause. The trial court denied the motion, and defense counsel used one of its peremptory challenges to excuse juror Barrett. Defense counsel then requested an additional peremptory challenge because he was forced to use one on juror Barrett, identifying juror Brawn as the juror upon which an extra peremptory would be used. The request for the additional peremptory was denied. Defense counsel objected to the panel and again asked for an additional peremptory challenge, which was also denied. Defense counsel renewed the objection yet again before the panel was sworn.
We agree with the appellant that the trial court committed reversible error in failing to excuse juror Barrett based on his preconceived notion that a police officer's testimony was automatically worthy of more credibility than a civilian witness. A person is competent to serve as a juror when they can set aside any bias or prejudice and render a verdict based solely on the evidence presented and the instructions on the law given by the trial court. Brown v. State, 728 So.2d 758, 759 (Fla. 3d DCA 1999). The question of competency is one of mixed law and fact to be determined by the trial court. Id. This determination will only be disturbed if the error is manifest. Id. Manifest error occurs when, as in this case, the trial judge fails to excuse a juror for cause when the juror responds with equivocal or conditional answers, thus raising a reasonable doubt as to whether the prospect possesses the requisite state of mind necessary to render an impartial decision. Id.
Furthermore, a challenge for cause should ordinarily be granted where a juror demonstrates a strong bias for or against the credibility of the evidence of one side or another. See e.g., Polite v. State, 754 So.2d 859, 860 (Fla. 3d DCA 2000)(error not to excuse juror who expressed that police officers are inherently more credible than civilian witnesses); Davis v. State, 656 So.2d 560, 561 (Fla. 4th DCA 1995) (error not to excuse juror for cause in domestic violence case who stated that he would tend to be sympathetic to and give benefit of doubt to woman); Coney v. State, 643 So.2d 654, 655 (Fla. 3d DCA 1994)(error not to excuse juror who demonstrated that she had a preconceived belief that a victim in particular case would only tell the truth); Mann v. State, 571 So.2d 551, 552 (Fla. 3d DCA 1990)(state properly confessed error where trial court failed to excuse juror for cause who indicated that she would give greater weight to what the police say). "A juror is not impartial when one side must overcome a preconceived opinion in order to prevail." Hill v. State, 477 So.2d 553, 556 (Fla.1985).
In the instant case, juror Barrett initially stated that he would give police officers' testimony more credence than that of the average civilian. After some discussion with the court, juror Barrett stated he thought there was no difference in the *345 honesty of a police officer from that of a civilian. Then later, juror Barrett tells defense counsel that he thinks a police officer would be more credible than a civilian when looking at the same evidence.
Juror Barrett's equivocal responses to the court's and to counsel's questions cast a reasonable doubt as to his ability to serve as a fair and impartial juror. Even when a prospective juror eventually states that he will follow the law, the court should grant a challenge for cause if it appears that the prospective juror is nevertheless not in the state of mind to do so. See Kerestesy v. State, 760 So.2d 989, 991-92 (Fla. 2d DCA 2000) (prospective juror who stated she "guessed" she could be fair and follow the law after a previous hesitant response regarding whether or not she could be impartial should have been excused for cause); see also Brown, 728 So.2d at 759 (finding that the trial court abused its discretion in refusing to excuse for cause a prospective juror who responded, "Yeah, I think so" when asked whether he would be able to follow the trial court's instructions).
Because Salgado had to use a peremptory challenge to exclude juror Barrett, he was later forced to accept another objectionable juror onto the panel because he had run out of additional peremptory challenges. "[I]t is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges." Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA 1981).
We therefore reverse the conviction and sentence and remand for a new trial.