[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10279
Non-Argument Calendar

_____

D. C. Docket No. 07-00590-CV-T-26-MAP

STANLEY H. HUNTER,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 12, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Pro se Petitioner Stanley Hunter ("Petitioner"), a state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Petitioner argues that his trial counsel was ineffective for failing to move to strike a specific juror. The district court did not err; we affirm.

In August 2002, Petitioner was charged with one count of first-degree murder. During voir dire, a potential juror, Ms. Drajem ("Drajem"), was asked whether she would be able to follow the court's instructions during trial. She responded "I think so." To another question about following the law as instructed by the trial judge, Drajem responded, "All I can do -- I'd say I could try. I can't say for sure, but I would try." Drajem was selected as a juror.

After the jury was selected, the judge asked Petitioner if he was satisfied. Petitioner expressed some discomfort over the racial make-up of the jury. Nevertheless, after conferring with his lawyer, Petitioner said that he was satisfied with the jury-selection process. The jury ultimately found Petitioner guilty of second-degree murder, and the court sentenced Petitioner to life in prison.

After Petitioner's conviction was affirmed on direct appeal, he filed a motion for state postconviction relief. The state court denied all six claims in Petitioner's petition. In denying Petitioner's claim of ineffective assistance of

2

counsel,[1] the court found -- after reviewing the record -- that, although juror

Drajem "may have expressed uncertainty in regards to following a law that she did

not agree with[,] she was properly rehabilitated by the State." Because Petitioner

voiced no objection to juror Drajem during voir dire, and because any alleged lack

of fitness was rehabilitated, the state court deemed effective Petitioner's trial

counsel.

In federal court, Petitioner timely filed a 28 U.S.C. § 2254 petition for writ

of habeas corpus; the district court denied it, and later denied Petitioner's

Certificate of Appealability ("COA"). A few months later, however, this Court

granted a COA on the following issue: "Whether the district court erred in finding

that counsel was not ineffective for failing to strike a juror."

When examining a district court's denial of a section 2254 habeas petition,

we review a claim of ineffective assistance of counsel -- a mixed question of law

and fact -- de novo. See Payne v. Allen, 539 F.3d 1297, 1312 (11th Cir. 2008).[2]

Because the state court reviewed Petitioner's ineffective assistance of counsel

claim on the merits, to obtain federal habeas corpus relief Petitioner must show that

---

[1]This claim is the same claim now before this Court.

[2]To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that a reasonable probability existed that but for counsel's unprofessional conduct, the result of the proceeding would have been different. Strickland v. Washington, 104 S. Ct. 2052, 2064–68 (1984).

the state-court adjudication (1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. § 2254(d).

Petitioner argues that he was denied his constitutional right to effective assistance when his trial counsel did not object to Drajem, thereby impairing Petitioner's fair trial.[3] In addition, Petitioner argues, this Court should not defer to the state court because the state court's finding that Drajem was rehabilitated was an "unreasonable determination of the facts in light of the evidence." See 28 U.S.C. § 2254(d)(2). Drajem expressed on trial-transcript pages fifty-nine and sixty ambivalence about her ability to follow the court's instructions. Yet the state court pointed to transcript page twenty-eight to demonstrate Drajem's rehabilitation. Petitioner maintains that a juror could not have been rehabilitated before she was revealed as potentially unfit.

Petitioner is correct to the extent that the state court cited page twenty-eight as part of Drajem's rehabilitation. Petitioner fails to note, however, that Drajem's

---

[3]Petitioner cites distinguishable cases for the proposition that a prospective juror response of "yeah, I think so" raises doubts about that juror's ability to be fair and impartial. See Brown v. State, 728 So.2d 758, 759 (Fla. Dist. Ct. App. 1999) (court abused discretion by denying defense challenge to juror for cause); Peters v. State, 874 So.2d 677, 680 (Fla. Dist. Ct. App. 2004) (reversing domestic-violence conviction where juror said she could be impartial but admitted that she was traumatized by domestic abuse she had previously suffered).

rehabilitation is evident even after the ambivalence expressed on page sixty --

something the district court expressly noted in its order denying Petitioner habeas

relief. On page sixty-one, for example, the prosecutor asked prospective jurors if

they could follow the law on the charged offense, "even if it's not what you

thought it was or even if you may not agree with it[.]" The prospective jurors,

including Drajem, affirmatively responded. Later in the transcript, at pages

118–19, the judge and defense counsel asked prospective jurors if they could

follow the judge's instructions on the law. Three jurors expressed concern before

affirming that they could follow the judge's instructions. Juror Drajem was not one

of the jurors who expressed this concern.

Here, the record supports the state court's finding that Drajem was

rehabilitated: she affirmed that she could follow the judge's instructions; she

exhibited no bias against Petitioner; and she expressed that she was capable of

applying the law as instructed by the court. That the state court cited incorrect

transcript pages when the substance of the whole transcript supports the state

court's conclusion does not render the state court's determination unreasonable.

Thus, the state court's determination that Petitioner's trial counsel was effective

was reasonable, and this Court should defer to it. See 28 U.S.C. § 2254(d).

Because the state-court finding and conclusion that Petitioner's counsel was

effective was, in fact, reasonable, the district court did not err by reaching the same conclusion. Accordingly, we affirm the district court's dismissal of Petitioner's section 2254 habeas petition.

AFFIRMED.