756 So.2d 170 (2000)
John HENRY a/k/a James Henry, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3674.
District Court of Appeal of Florida, Fourth District.
March 29, 2000.
*171 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Appellant appeals his conviction for violating an injunction for protection against violence. We reverse his conviction because the trial court erroneously failed to excuse a juror for cause.
The juror, Hibbs, is employed by the county fire rescue as a paramedic and firefighter. In that capacity, he regularly works with the police department and has responded to a number of domestic battery cases. When asked whether his ties to law enforcement would affect his ability to be fair and impartial, Hibbs initially responded that it would not affect his ability to be fair. Thereafter, however, the court questioned Hibbs about his assumptions concerning the testimony of law enforcement officers. The following colloquy took place:
THE COURT: [T]here may be a police officer that's called to testify in this case. Would you be able to treat the testimony of a police officer like the testimony of any other witness or would you give more credibility to a police officer just because they're a police officer?
HIBBS: I would do that, sir.
THE COURT: You would do the latter?
HIBBS: Yes, sir.
THE COURT: ... Are you saying whatever the police officer says, you're going to believe no matter what?
HIBBS: Not necessarily.
After some further clarification of the answers that appeared to rehabilitate the juror, the following exchange took place between defense counsel and Hibbs:
DEFENSE COUNSEL: I want to ask Mr. Hibbs this, because you said that you wouldn't give a police officer creditI think, you finally agreed that a police officer is subject to the same rules and same oath, but if it was a credibility contest between a police officer and someone else, and they both got up there, took the same oath and said, I will tell the truth, nothing but the truth, do you think if both of their stories were given that you would hold the police officers in higher standing because you're in a working relationship with them?
HIBBS: Because I've been at many of those scenes, I've heard many of those stories.
* * *
DEFENSE COUNSEL: Have you ever got [sic] where a police officer tells most of the story, but fills in the gaps? Do you think that is possible?
HIBBS: Anything is possible nowadays.
* * *
DEFENSE COUNSEL: Do you think, do you understand a police officer could be filling in blanks or not completely telling the truth, but it would be up to you to decide when he or she testifies?

*172 HIBBS: I also agree the sheriff's office knows that if they're caught in a lie, they're fired. They don't lie.

Defense counsel attempted to remove Hibbs for cause based on his inability to lay aside his stated bias in favor of law enforcement, and otherwise preserved the challenge.
The test applicable here is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. See Lusk v. State, 446 So.2d 1038, 1041 (Fla. 1984). Whether a challenged juror's responses meet the Lusk test is a mixed question of law and fact to be resolved by the trial court. See Smith v. State, 699 So.2d 629, 636 (Fla.1997); Mills v. State, 462 So.2d 1075, 1079 (Fla.1985). In reviewing a determination of juror bias, we recognize that the trial judge is better positioned to observe and evaluate a prospective juror's demeanor and credibility. See Lambrix v. State, 494 So.2d 1143, 1146 (Fla.1986).
Here, Hibbs' answers demonstrated an inability to lay aside a bias in favor of law enforcement. When questioned about his assumptions concerning his ability to evaluate the testimony, Hibbs gave ambivalent answers indicating that he might give greater weight to a police officer's testimony, and, when questioned by defense counsel, Hibbs demonstrated a preconceived belief, based on his close working relationship with them, that deputies do not lie. It is significant that, in this case, the officer was to be an important witness to the disputed acts evincing the offense.
Hibbs' responses are similar to those of the juror in Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995). Davis arose from an incident of domestic violence. The credibility of the defendant versus that of the wife was a critical aspect of the case. During voir dire, a prospective juror revealed that he was much more understanding of women than men. He stated that he was sympathetic towards women and would be inclined to give a woman the benefit of the doubt. Reviewing the juror's responses, this court found that his "initial strong and candid statements displayed unequivocal bias which favored the wife." Id. at 562. We noted that "[w]here a juror demonstrates a strong bias for or against the credibility of one side or another, which he or she is unsure can be put aside, a challenge for cause should be granted." Id. at 561.
This court has frequently required that a juror be dismissed for cause where there is reasonable doubt as to his or her impartiality. See, e.g., James v. State, 736 So.2d 1260 (Fla. 4th DCA 1999); Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994); Chapman v. State, 593 So.2d 605 (Fla. 4th DCA 1992); Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985). In this case, there is a reasonable doubt as to Hibbs' ability to be impartial. Accordingly, we reverse and remand for a new trial. We do not address the other issue raised as it is moot.
WARNER, C.J. and HAZOURI, J., concur.