754 So.2d 859 (2000)
Gary Lamar POLITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2463.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, and Kelly Cohen, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., JORGENSON and GREEN, JJ.
GREEN, J.
Gary Lamar Polite was charged with possession of cocaine and the sale of cocaine to an undercover police officer. Polite proceeded to a jury trial and asserted misidentification as his defense. Polite was convicted as charged. On this appeal, he argues that he is entitled to a new trial because the trial judge erred in refusing to strike two potential jurors for cause during the voir dire proceeding. We agree. Therefore, we reverse and remand for a new trial.
During voir dire, the prosecutor asked several potential jurors whether they would automatically give a police officer's testimony more credibility. Specifically, prospective juror Strongson stated as follows:
[STATE]: Okay. Mr. Strongson, how about yourself, police officers automatically get more credibility or less credibility either one, or are they the same when they hit that witness stand as any else?
[STRONGSON]: I would have to give them more credibility.
[STATE]: Okay. And why is that?

*860 [STRONGSON]: Their performance is based upon what they do and that's part of their job is testifying in court. So why would they knowingly not tell the truth when they could be subject to not just criminal penalty but also, also losing their job if they state something that's untrue or if they exaggerate the truth.
Similarly, prospective juror Martinez responded to the prosecutor's question by stating that he too would give more credibility to a police officer's testimony "because they are constantly dealing with the law as opposed to regular citizens."
The defense counsel sought, without success, to have both Strongson and Martinez stricken for cause. The defense counsel then used two of her peremptory challenges to strike these two jurors. After the defense had exhausted all of its peremptory challenges, defense counsel requested two additional peremptory challenges arguing that the defense had been wrongfully forced to use two of its peremptory challenges on jurors Strongson and Martinez. The defense identified two objectionable jurors that it intended to strike if granted the additional peremptory challenges. The trial court granted the defense only one additional peremptory challenge which was used to strike one of the remaining two objectionable jurors. The other juror deemed objectionable by the defense went on to serve on the jury which convicted Polite. Prior to the jury being sworn, the defense renewed its objection to the voir dire proceeding.
We agree with the appellant that the trial court's failure to excuse jurors Strongson and Martinez for cause based upon their preconceived belief, that a police officer's testimony was automatically worthy of more credibility than a civilian witness, constituted reversible error. A challenge for cause should ordinarily be granted where a juror demonstrates a strong bias for or against the credibility of the evidence of one side or another. See Davis v. State, 656 So.2d 560 (Fla. 4th DCA 1995) (error not to excuse juror for cause in domestic violence case who stated that he would tend to be sympathetic to and give benefit of doubt to woman); Coney v. State, 643 So.2d 654 (Fla. 3d DCA 1994) (error not to excuse juror who demonstrated that she had a preconceived belief that a victim in particular case would only tell the truth); Duncan v. State, 588 So.2d 50 (Fla. 3d DCA 1991) (state properly confessed error where two jurors admitted their bias in favor of the credibility of police officers); Mann v. State, 571 So.2d 551 (Fla. 3d DCA 1990) (state properly confessed error where trial court failed to excuse juror for cause who indicated that she would give greater weight to what the police say). This is based upon the well-established principle that "[a] juror is not impartial when one side must overcome a preconceived opinion in order to prevail." See Hamilton v. State, 547 So.2d 630, 633 (Fla.1989) (quoting Hill v. State, 477 So.2d 553, 556 (Fla.1985)).
Since the appellant in this case had to use his peremptory challenges to exclude two jurors who should have been stricken for cause, he was later forced to accept another objectionable juror on the panel because he had exhausted his remaining peremptory challenges. We have said that "it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges." Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA 1981) (citing Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965)). We therefore reverse the conviction and sentence imposed thereto and remand for a new trial.
Reversed.