PER CURIAM.
Appellant was convicted of improper exhibition of a firearm, carrying a concealed weapon, and resisting arrest without violence. During jury selection, defense counsel asked prospective jurors whether the fact that police officers were wearing uniforms would cause them to think the officers were telling the truth. Prospective juror Gaskin said, “Well, I don’t think it’s the uniform.” When asked what he did think, Gaskin went on to say “All things being equal, that maybe I would tend to give the police officer’s version, you know, more credence, without any, you know, just — you know, if it’s equal, you know, in the perception.” No effort was made to rehabilitate Gaskin.
The court denied the defense request to strike Gaskin for cause, therefore the defense used a peremptory challenge to remove Gaskin from consideration. Subsequently, the court denied a defense request for an additional peremptory challenge. The defense identified an objectionable juror it would have struck using that peremptory challenge. The objectionable juror served on the case. We reverse.
“A challenge for cause should ordinarily be granted where a juror demonstrates a strong bias for or against the credibility of the evidence of one side or another.” See Polite v. State, 754 So.2d 859 (Fla. 3d DCA 2000). In Polite, the court ruled that the “trial court’s failure to excuse jurors ... for cause based upon their preconceived belief, that a police officer’s testimony [is] automatically worthy of more credibility that a civilian witness, constituted reversible error.”
In Henry v. State, 756 So.2d 170 (Fla. 4th DCA 2000), the court ruled that “ambivalent answers indicating [a prospective juror] might give greater weight to a police officer’s testimony”, demonstrated a prospective juror’s inability to lay aside a bias in favor of law enforcement. While the juror in question in Henry also stated his belief that officers do not lie, it was significant in that case, as in the present case, that the officer was an important witness to the disputed acts.
In our view, Gaskin’s response, without clarification, was sufficiently ambivalent that there was reasonable doubt about his ability to be impartial, and he should have been excused for cause. See, e.g., Adkins v. State, 736 So.2d 719 (Fla. 2d DCA 1999) citing Lazana v. State, 666 So.2d 588 (Fla. 2d DCA 1996).
REVERSED.
JOANOS, WOLF and BENTON, JJ., CONCUR.