837 So.2d 1114 (2003)
Jean JUEDE a/k/a Jean Nobean a/k/a Jean Didier, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-772.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Alexander R. Brumfield, III of Brown and Brumfield, West Palm Beach, for appellant.
*1115 Charlie Crist, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Juede's conviction for the offense of sale of cocaine within one thousand feet of a place of worship and remand for a new trial.
The trial court erred by disallowing a challenge for cause of a juror. During voir dire, prospective juror Fitzgerald was asked whether the fact that a witness was a police officer would affect his trust in the officer's testimony. Fitzgerald responded, "Yes, because that's what he is paid to do. They go through special training to notice tattoos, scars." The court then asked Fitzgerald if he would automatically credit a police officer more because he had a uniform. Fitzgerald responded, "I would only credit him because of his training and hishe deals with it more than other people." The court then repeated, "If a police officer testified one way and the lay witness testified another way, would you lookwould you try to look at all the evidence supporting both testimonies, weighing and deciding who you were going to believe or would you credit the police officer more because he was a police officer?" Fitzgerald responded, "I'd probably go with the police officer." Subsequently, defense counsel asked for a show of hands of people who agreed with Fitzgerald. At that time, defense counsel stated, "[t]he people who raised their hands, they agree they'd give more credibility to the police officerthat was the question when they were weighing testimony; that they would give more weight to a police officer's testimony than a lay person's testimony just because of the uniform." Fitzgerald then responded, "No, no." The court, for a final time, attempted to clarify by asking the entire jury whether they would believe officers more than other witnesses. Apparently no one responded.
A juror should be dismissed for cause where there is reasonable doubt as to his or her impartiality. Brown v. State, 755 So.2d 737, 738 (Fla. 4th DCA 2000). The applicable test is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984); Henry v. State, 756 So.2d 170, 172 (Fla. 4th DCA 2000). Whether a challenged juror's responses meet the Lusk test is a mixed question of law and fact to be resolved by the trial court. Henry, 756 So.2d at 172.
Here, there is a reasonable doubt as to juror Fitzgerald's ability to remain impartial and unbiased. In Henry, for example, where a prospective juror stated he would give more credibility to a police officer than a lay witness and that police officers do not lie, this court held that the juror indicated an inability to lay aside a bias in favor of law enforcement. Id. Here, Fitzgerald indicated a similar bias by stating and then reiterating that he would defer to the testimony of a police officer over a lay witness.
We recognize that Florida law allows the rehabilitation of jurors whose responses in voir dire raise concerns about their impartiality. Martinez v. State, 795 So.2d 279 (Fla. 3d DCA 2001). Here, however, the juror stated three different times that he would believe a police officer over a lay witness, only to later seemingly recant by saying "no, no" when defense counsel asked the panel if they would give more weight to a police officer's testimony "just because of" the uniform. In light of the juror's earlier comments, this response is, at best, confusing. Furthermore, as this court has recognized, "[a] juror's subsequent *1116 statements that he or she could be fair should not necessarily control the decision to excuse a juror for cause, when the juror has expressed genuine reservations about his or her preconceived opinions or attitudes." Rodas v. State, 821 So.2d 1150, 1153 (Fla. 4th DCA 2002). This purported recantation is insufficient to overcome the reasonable doubts as to his partiality created by his previous statements. See also Scott v. State, 825 So.2d 1067 (Fla. 4th DCA 2002)(reversing conviction where reasonable doubt existed as to juror's ability to be impartial after juror indicated she would find police officers to be more credible and subsequent attempts at rehabilitation were insufficient); cf. Carratelli v. State, 832 So.2d 850 (Fla. 4th DCA 2002)(recognizing that although error was not preserved and, thus, not reversible, trial court did err in failing to grant cause challenges where reasonable doubts were created as to juror's ability to be fair and impartial and attempted rehabilitation was not sufficient to overcome doubts).
We also conclude that his silence to a question asked to the entire panel was not sufficient to overcome the reasonable doubt. See Rodas, 821 So.2d at 1153 (holding that fact that prosecutor asked all of the jurors if they would listen to the evidence and base their verdict on the evidence in the case and everybody in this panel indicated that they would was inadequate to overcome the reasonable doubt created by individual jurors' comments upon their ability to be fair and impartial). Furthermore, close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality. Id.
We have also considered, and reject, the state's assertion that the challenge was not preserved.
MAY, J., concurs.
WARNER, J., dissents with opinion.
WARNER, J., dissenting.
I would affirm, as I do not think the juror in this case had the same preconceived belief as was present in Henry v. State, 756 So.2d 170, 172 (Fla. 4th DCA 2000). In Henry, the juror had a decided bias in favor of police officers, stating officers did not lie. In this case, juror Fitzgerald stated there was conflicting evidence. Later, he clarified his responses by stating "no, no" when asked whether he would give more weight to the officer's testimony "just because of the uniform." He explained he believed the officers were trained in investigation, and thus, would tend to give more weight to an officer's observations than a lay witness' based upon this experience. I see nothing biased about a belief that a witness' training and experience may make his or her testimony more believable and readily accepted by a juror than a witness without those same experiences.
Moreover, the trial court examined the jurors on this issue and concluded, with the exception of two other jurors whom the judge did grant challenges for cause, Mr. Fitzgerald had adequately explained his answers. I think even if his first statements appeared to favor an officer's testimony, they were adequately explained and placed into the foregoing context. It was within the trial court's discretion to determine the juror's responses did not create a reasonable doubt as to his ability to be impartial. See Brown v. State, 755 So.2d 737, 738 (Fla. 4th DCA 2000). I would not second guess the trial judge on this issue.