910 So.2d 347 (2005)
Ricardo SLATER, Appellant,
v.
STATE of Florida, Appellee.
No. 04-1096.
District Court of Appeal of Florida, Fourth District.
September 14, 2005.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
A jury found defendant guilty of possession of marijuana with intent to sell and of driving while his license was suspended or revoked. He argues that he is entitled to a new trial because the trial court erred in denying his challenge to a juror who said he would place more credence on the testimony of a police officer than of a lay person. We reverse.
*348 During voir dire, the juror said he believed "the testimony of a police officer carries a little more weight" because officers are "trained to be observant, and they are apt to see things and to pick out more things that we miss." Defense counsel asked whether he would place greater credence on the testimony of a police officer than of a lay person, to which the juror said "yes." Defendant moved to strike him for cause, asserting that he was demonstrably biased. The trial court denied the challenge. Defendant exhausted his peremptory challenges and requested an additional challenge to strike the juror. The trial court denied the request. The juror sat on the jury that found him guilty.
Defendant argues that the juror's response evidenced bias, or at least a reasonable doubt as to his impartiality. He has preserved his challenge for review. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990) ("To show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted."). We review the trial court's denial of the cause challenge for abuse of discretion. See Singleton v. State, 783 So.2d 970, 973 (Fla. 2001) (trial court's ruling on cause challenge will be sustained absent abuse of discretion).
It can no longer be disputed that a juror should be excused for cause if there is any reasonable doubt about his ability to render an impartial verdict. Singleton, 783 So.2d at 973; Juede v. State, 837 So.2d 1114, 1115 (Fla. 4th DCA 2003). The test for the trial judge is whether the juror's responses during voir dire show that the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. Lusk v. State, 446 So.2d 1038, 1041 (Fla. 1984); Juede, 837 So.2d at 1115. "A juror is not impartial when one side must overcome a preconceived opinion in order to prevail." Hill v. State, 477 So.2d 553, 556 (Fla.1985). We resolve close cases in favor of excusing the juror. Bell v. State, 870 So.2d 893, 893 (Fla. 4th DCA 2004).
In Juede, we held the trial court erroneously denied a for cause challenge as to a juror who agreed he would probably defer to the testimony of a police officer over a lay witness. 837 So.2d at 1115. The juror explained: "that's what he is paid to do. They go through special training to notice tattoos, scars.... I would only credit him because of his training and he deals with it more than other people." Id. The juror's remarks in this case cannot be reasonably distinguished from those made in Juede. Such thinking at a minimum raises a reasonable doubt as to a potential juror's ability to remain impartial and unbiased. See also Jenkins v. State, 824 So.2d 977, 979-80 (Fla. 4th DCA 2002) (refusing to excuse juror who said he would give police officer's testimony "a little more weight" as error not subject to harmless error test); Garcia v. State, 805 So.2d 827, 828 (Fla. 2d DCA 2001) (error in refusing for cause challenge to prospective juror who stated he would probably believe police officer if officer's testimony conflicted with testimony of a lay witness); Polite v. State, 754 So.2d 859, 860 (Fla. 3d DCA 2000) (reversing when trial court failed to excuse two jurors for cause based upon their preconceived beliefs that a police officer's testimony was worthy of more credibility than of a civilian witness).
Defendant is entitled to an impartial jury, not one with members who favor police testimony.
Reversed.
SHAHOOD and TAYLOR, JJ., concur.