972 So.2d 298 (2008)
Christopher REID, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3745.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
*299 Miguel M. de la O of de la O, Marko, Magolnick & Leyton, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Reid appeals his judgment and sentence for resisting an officer with violence and disorderly conduct, challenging the seating of an objectionable juror. We conclude there is reasonable doubt about the impartiality of the prospective juror and his ability to be fair.
The crime charged was committed in the course of a fight in a sports bar between Reid and an undercover officer. Based on the juror's responses, defense counsel twice asked the trial court to remove the juror for cause.
The voir dire as to the juror in question proceeded:
JUROR: I believe I can be fair, although I'm not a big fan of alcohol related issues.
THE COURT: Is there something that you've experienced or that family or friends have experienced that leads you to make that statement?
JUROR: Personally, I've had a few confrontations. I try to avoid places like sports bars and big crowds. I have had a couple of confrontations in the past, yeah. Both here and back in Venezuela.
THE COURT: . . . would you be able to set aside your personal experiences and make your decision only on the evidence that you hear in the trial?
JUROR: I'll try.
THE COURT: . . . everybody comes into a courtroom as prospective jurors with certain feelings about issues. . . . The question really is understanding how you feel, if you can follow your instructions and base your decision on the evidence,. . . . But do you feel more certain knowing what your obligation is that you could be fair?
JUROR: Yes, sir.
* * *
[DEFENSE COUNSEL]: Just based on the evidence. Do you feel there would be any sort of tendency or inclination on your part to find a police officer more credible or believable because of the fact that he is a police officer?
* * *
JUROR: I would probably favor a little bit more the officers, especially if there's alcohol involved. I'm just being complete honest. That's their job.
* * *
To deal with that kind of situation. So that's how I feel.
[DEFENSE COUNSEL]: Okay. So you have a tendency or sort of a little bit of an inclination to favor the police officer?

JUROR: Especially in a setting like this one. Yeah.
[DEFENSE COUNSEL]: All right. So what you're saying is although you would try to lay those biases or feelings aside, you do have some doubt in your mind as to whether you'd give the officer great weight?
JUROR: If there were alcohol involved, and if there's not  if probably your client was not 100 per cent in control.

* * *
I mean alcohol basically.
Reid used one of his peremptory challenges to excuse the juror from the jury. When he ran out of peremptory challenges, Reid unsuccessfully requested an *300 additional peremptory based on the court's denial of the cause challenge. Reid objected to the seating of the panel and advised the trial court that had he been granted an additional peremptory, he would have used it to strike the specified juror.
It is well established that a juror should be excused for cause if there is any reasonable doubt about his ability to render an impartial verdict. E.g., Singleton v. State, 783 So.2d 970, 973 (Fla.2001); Juede v. State, 837 So.2d 1114, 1115 (Fla. 4th DCA 2003). "A juror is not impartial when one side must overcome a preconceived opinion in order to prevail." Hill v. State, 477 So.2d 553, 556 (Fla.1985).
While a trial court is afforded great discretion in ruling on challenges of jurors for cause, close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality. Slater v. State, 910 So.2d 347, 348 (Fla. 4th DCA 2005); Peters v. State, 874 So.2d 677, 679 (Fla. 4th DCA 2004).
In Slater, this court summarized the point as follows:
During voir dire, the juror said he believed `the testimony of a police officer carries a little more weight' because officers are `trained to be observant, and they are apt to see things and to pick out more things that we miss.' Defense counsel asked whether he would place greater credence on the testimony of a police officer than of a lay person, to which the juror said `yes.' Defendant moved to strike him for cause, asserting that he was demonstrably biased. The trial court denied the challenge.
* * *
The juror's remarks in this case cannot be reasonably distinguished from those made n Juede. Such thinking at a minimum raises a reasonable doubt as to a potential juror's ability to remain impartial and unbiased.
Defendant is entitled to an impartial jury, not one with members who favor police testimony.
Slater, 910 So.2d at 348.
In Juede, this court held that the trial court erroneously denied a for cause challenge of a juror who agreed that the fact that a witness was a police officer would affect his trust in the testimony. 837 So.2d at 1115.
Likewise, in Scott v. State, 825 So.2d 1067 (Fla. 4th DCA 2002), this court found reasonable doubt was created by a juror's unguarded admission that the juror would give more weight to the testimony of police officers:
In applying these principles to the case before us, we must conclude that, here, there is a reasonable doubt as to Ms. Ockerman's ability to be fair and impartial when it comes to police officers. It is true that when the judge asked "[w]ould you  if police officers come in and testify, would you, uh, listen to their testimony, observe their demeanor and make up your own mind after you hear them and see them," Ockerman responded that she wouldn't say that just because they were police officers what they said was true. This comment, however, must be viewed in the context of her earlier remark that she "somewhat" believes that police officers are more credible, the fact that this response came only after she had been separately called back and asked leading questions, and her subsequent statement that "it's just kind of hard not to, you know, give them just a tiny bit more respect because they do protect the people."
Id. at 1070.
Here, there was similar reasonable doubt as to the juror's impartiality. The *301 state makes no attempt to distinguish these cases, but rather, argues that the trial court was in a better position to evaluate the juror's responses, and that the juror admitted only a bias in favor of sober police witnesses and against witnesses who were drinking. Yet, the juror's voir dire responses appear to refute the state's claim. The juror was asked:
Just based on the evidence. Do you feel there would be any sort of tendency or inclination on your part to find a police officer more credible or believable because of the fact that he is a police officer?
His response was that he would, in fact, "favor a little bit more the officers." The juror then stated that he would believe a police officer, "especially if there's alcohol involved. I'm just being completely honest." When defense counsel clarified the juror's response, the juror again made it clear that "especially" in this particular case, the juror would be biased in favor of the police officer.
[DEFENSE COUNSEL]: Okay. So you have a tendency or sort of a little bit of an inclination to favor the police officer?
JUROR: Especially in a setting like this one. Yeah.
He further stated that if the defendant had been drinking alcohol, he doubted he could set aside his bias in favor of the police officer:
[DEFENSE COUNSEL]: All right. So what you're saying is although you would try to lay those biases or feelings aside, you do have some doubt in your mind as to whether you'd give the officer greater weight?
JUROR: If there were alcohol involved, and if there's not  if probably your client was not 100 percent in control.
* * *
I mean alcohol basically.
It appears from the responses that he will always "favor a little bit more the officers," but will favor them even more where "there is alcohol involved."
The record reveals that the juror never recanted his answers about favoring police officers, and no attempts were made to rehabilitate the potential juror. Further, given that the officer in this case is the victim and the principal witness, the harm to a defendant from having a juror seated who exhibits a pro-police bias is obvious.
Because reasonable doubt appears as to the juror's impartiality, the judgment and sentence are reversed, and we remand for a new trial.
The other issue raised on appeal is moot. On re-trial, we draw the trial court's attention to the recent supreme court opinion in Polite v. State, 2007 WL 2790770, 32 Fla. L. Weekly S576, ___ So.2d ___ (Fla. Sept. 27, 2007).
STEVENSON, J. and TRAWICK, DARYL E., Associate Judge, concur.