983 So.2d 781 (2008)
Marcellino JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1382.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
*782 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Marcellino Joseph timely appeals his judgment and conviction rendered in Broward County Circuit Court. He now contends that the trial court reversibly erred in denying his challenges for cause of two prospective jurors. We reverse.
During jury selection, Joseph questioned, among others, venirepersons identified as number 4 and number 17. In response to questioning, juror number 4 revealed that one member of his family had been a victim of a crime of violence and another had been charged with a crime. This same juror went on to state that if the charge against Joseph was similar to the crime perpetrated against his relative he would be biased against Joseph. When it was revealed that Joseph was not charged with the same crime, juror number 4 consistently stated that he could be fair and impartial. In contrast, juror number 17 held conflicting views on the issue of a criminal defendant's presumed innocence. At one point, juror 17 stated "[h]e's guilty until proven innocent."
The voir dire as to juror 17 proceeded as follows:
DEFENSE COUNSEL: . . . Then my second question would be, just earlier when you stated you did believe in guilty until proven innocent.
JUROR 17: Right.
DEFENSE COUNSEL: Is that your personal belief that you are willing to put aside or did you, maybe there was a misunderstanding?
JUROR 17: I think it was a misunderstanding maybe earlier, but what I'm saying is like sometimes you assume things but until you are proven not guilty, you know, until you hear the facts then I could, I'm able to, you know, make a decision, is that the answer that you need? Presume him guilty or
*783 Juror 17 went on to state that "I can be fair and impartial but I agree . . . that if it came to this point then something must have, you know, there must be some truth in it. . . ."
Joseph unsuccessfully challenged jurors 4 and 17 for cause. Following the court's denial of Joseph's challenges, he used his last two peremptory strikes to remove them from the venire panel. Joseph then moved for an additional peremptory challenge on the basis that the court had erroneously denied his challenges for cause. The motion was denied. Thereafter, Joseph was compelled to accept a juror whom he would have struck by use of an additional peremptory challenge. Joseph preserved the objection for appeal by requesting the additional peremptory challenge, objecting to the court's denial, and identifying the juror he was required to accept as objectionable. Shannon v. State, 770 So.2d 714 (Fla. 4th DCA 2000).
Joseph now appeals the denials of the challenges for cause against the two prospective jurors. He asserts that had those challenges been granted, he would not have had to use his peremptory strikes to remove them, and consequently would have used at least one of those strikes on another prospective juror who sat on the jury.
Most recently, in Reid v. State, 972 So.2d 298 (Fla. 4th DCA 2008), we reiterated the well established principle
"that a juror should be excused for cause if there is any reasonable doubt about his ability to render an impartial verdict. E.g., Singleton v. State, 783 So.2d 970, 973 (Fla.2001); Juede v. State, 837 So.2d 1114, 1115 (Fla. 4th DCA 2003). `A juror is not impartial when one side must overcome a preconceived opinion in order to prevail.' Hill v. State, 477 So.2d 553, 556 (Fla.1985).
While a trial court is afforded great discretion in ruling on challenges of jurors for cause, close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality. Slater v. State, 910 So.2d 347, 348 (Fla. 4th DCA 2005); Peters v. State, 874 So.2d 677, 679 (Fla. 4th DCA 2004)."
Reid, 972 So.2d 298, 300 (emphasis in original).
It is reversible error "for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied." Id.; see also Trotter v. State, 576 So.2d 691, 693 (Fla.1990); Shannon, 770 So.2d at 716 (It is not necessary that a defendant explain why the venireperson for whom the additional peremptory challenge was sought was objectionable; they must merely identify that individual as objectionable.).
Here, it was not an abuse of discretion to deny Joseph's cause challenge as to juror 4. However, this was not the case with juror 17 who repeatedly stated that a defendant went into a trial with a presumption of guilt. These statements, although coupled with an expression that she could be fair and impartial, raised a reasonable doubt as to juror 17's ability to presume that the defendant was not guilty. Montozzi v. State, 633 So.2d 563, 565; see also Hill v. State, 477 So.2d 553, 556 (Fla. 1985).
Because there is reasonable doubt as to juror 17's impartiality the denial of the cause challenge and subsequent denial of Joseph's motion for an additional peremptory challenge to strike an identified juror *784 were reversible error. Accordingly, we reverse and remand for a new trial.
Reversed.
SHAHOOD, C.J., and HAZOURI, J., concur.