993 So.2d 1132 (2008)
Rachel RIMES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2276.
District Court of Appeal of Florida, Fifth District.
October 31, 2008.
*1133 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Rachel Rimes appeals her conviction and sentence on the charge of grand theft auto. We agree with Rimes that the trial court committed reversible error when it denied her request to strike a prospective juror for cause. Rimes used a peremptory strike to eliminate the potential juror and requested an additional peremptory after exhausting her allotted strikes. This request was also denied.
The prospective juror had a close friend who worked as a deputy sheriff in Orange County and stated that he would tend to believe a law enforcement officer over a lay witness because of this relationship.[1] The trial judge himself questioned the potential juror, Mr. Marchman, at length regarding the issue. Marchman admitted that law enforcement officers are not always right, and said that he "would like to think" that he could be fair. But, he told the judge after extensive questioning that he was just "trying to be honest" and that he still thought that a law enforcement officer's testimony "carries more weight." The judge then told Marchman that they would "come back and talk a little bit more about this."
After the venire questioning concluded, the judge asked all panel members to wait outside the courtroom while he conferred with the attorneys, and jury selection began. When Rimes' counsel moved to strike Marchman for cause, the judge instead called Marchman back into the courtroom alone, and the following exchange occurred:
Judge: Let me ask you. There was some question about law enforcement and about whether you would be likely to give greater weight to the testimony of a law enforcement officer. And I thought that later in our discussion you indicated that you could serve as a fair and impartial juror, and that you would be willing to listen to the testimony as it's presented to you, and you would not give greater weight. Did I misunderstand you, sir?[2]
Marchman: No, that's correct.
Judge: Sorry?
Marchman: That's correct. Yes, sir.
Judge: So after we had discussion about it, your initial reaction was, yeah. I would probably be likely to give greater weight. We had discussion about it, and at the conclusion of that discussion, it seemed to me you answered affirmatively, that you could, if called upon to serve as a juror, and give law enforcement officers' testimony the same weight as you would any other witness; is that right?
Marchman: Yes, sir.
*1134 After a few more questions, Marchman exited the courtroom again, and the court denied Rimes' motion to strike him for cause.
It is well-settled that a potential juror should be excused for cause if there is any reasonable doubt about his or her ability to render an impartial verdict. See, e.g., Singleton v. State, 783 So.2d 970 (Fla. 2001). A juror who would tend to defer to a police witness should be excused for cause. See, e.g., Reid v. State, 972 So.2d 298, 300 (Fla. 4th DCA 2008) ("Defendant is entitled to an impartial jury, not one with members who favor police testimony."); Slater v. State, 910 So.2d 347, 348 (Fla. 4th DCA 2005) (reversing for new trial where "trial court erroneously denied a for cause challenge as to a juror who agreed he would probably defer to the testimony of a police officer over a lay witness"); Garcia v. State, 805 So.2d 827, 828 (Fla. 2d DCA 2001) (recognizing error in refusing for cause challenge to prospective juror who stated he would probably believe police officer if officer's testimony conflicted with testimony of a lay witness); Polite v. State, 754 So.2d 859, 860 (Fla. 3d DCA 2000) (reversing when trial court failed to excuse two jurors for cause based upon their preconceived beliefs that a police officer's testimony was worthy of more credibility than of a civilian witness); but cf. Peri v. State, 412 So.2d 367, 367 (Fla. 3d DCA 1981).
We recognize that Florida law allows "the rehabilitation of jurors whose responses in voir dire raise concerns about their impartiality." Juede v. State, 837 So.2d 1114, 1115 (Fla. 4th DCA 2003) (citing Martinez v. State, 795 So.2d 279 (Fla. 3d DCA 2001)). However, "`[a] juror's subsequent statements that he or she could be fair should not necessarily control the decision to excuse a juror for cause, when the juror has expressed genuine reservations about his or her preconceived opinions or attitudes.'" Id. at 1115-16 (quoting Rodas v. State, 821 So.2d 1150, 1153 (Fla. 4th DCA 2002)). In this case, Marchman had maintained his insistence that he would favor a law enforcement witness despite the trial court's rather extensive attempt to rehabilitate him. It was only when Marchman was brought back into the courtroom alone, and faced with the trial court's leading and compound question (which equated his ability to be fair and impartial with his ability to set aside his previously-revealed views regarding police testimony), that he finally relented and agreed with the trial judge that he could be fair. We conclude that the trial court's final leading questions, and Marchman's ultimate agreement that he could be impartial, were insufficient to erase the reasonable doubt created by his earlier insistence after repeated questioning that, if being honest, he would have to admit that he would favor a police witness. See Williams v. State, 638 So.2d 976, 978 (Fla. 4th DCA 1994), review denied, 654 So.2d 920 (Fla.1995) ("Because impartiality of the finders of fact is an absolute prerequisite to our system of justice, we have adhered to the proposition that close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality.").
Accordingly, we reverse Rimes' conviction and sentence, and remand for a new trial. Because the case will be tried again, we also note that we find no error in the trial court's decision to admit evidence of Rimes' drug use at trial, since the State's evidence established Rimes' drug activity as a motive for the charged crime. See, e.g., Cohen v. State, 581 So.2d 926, 928 (Fla. 3d DCA 1991) ("A defendant's drug activity is admissible to show motive.") (citations omitted).
*1135 REVERSED AND REMANDED FOR NEW TRIAL.
PALMER, C.J., and GRIFFIN, J., concur.
NOTES
[1] The State planned to call an Orange County deputy sheriff at trial, and did so.
[2] This was an inaccurate summary of Marchman's prior responses. As previously indicated, Marchman had ended his earlier exchange on the subject by confirming that he would give more weight to a law enforcement officer's testimony.