DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS A. VEGA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-323

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. 10022495CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction for burglary and other charges on the ground that the court erred in denying his challenge for cause to a prospective juror. The juror expressed his view that he would give police officers more credibility than a lay person, a view which was not completely modified after court questioning. As there was reasonable doubt as to the juror's ability to be impartial, the court should have granted the challenge for cause. Accordingly, we reverse.

During voir dire, defense counsel asked prospective jurors:

> Does anybody here think a police officer when they get that badge on cannot make any mistakes? And if I hear from a police officer, I'm going to tend to believe them a little more just from the beginning because of their profession because of what they do, because of the oath they take as a police officer?

A prospective juror answered:

> I do tend to think that a police officer because of what their job is, that they tend to pay more attention to these kinds of things. So they are probably more alert to looking for evidence and to being alert as to what really is going on around them. I think it just comes with the territory. So I would tend to see a police officer [as] more [credible].

When the trial court asked the juror to clarify, he stated that he would tend to be biased toward a police officer. He reiterated this several more times. When defense counsel challenged the juror for cause, the court questioned the juror further and asked if he could follow the court's instructions regarding weighing the credibility of witnesses, to which the juror responded that he could. Nevertheless, after continued questioning, the juror said:

> Well, I think being instructed by the Court to give them equal credibility, that that would be foremost in my mind. And my, I guess as a lay person, **my first judgment on the street would be to say, oh, the cop is probably telling the truth.**
> But in a court of law being instructed to give them equal credibility, **I think I can do that**.

(Emphasis added). Based on this, the trial court denied the challenge for cause. The defense used a peremptory challenge on the juror. A jury subsequently was empaneled, with the defense properly preserving the objection to the denial of the challenge for cause. The defendant was convicted. He now appeals his conviction, challenging the trial court's denial of the challenge for cause to the juror.

A juror should be excused if there is reasonable doubt as to the juror's ability to render an impartial verdict. *See Matarranz v. State*, 133 So. 3d 473, 484 (Fla. 2013); *Juede v. State*, 837 So. 2d 1114, 1115 (Fla. 4th DCA 2003). While a juror's assurances of impartiality may suggest that the denial of a challenge for cause may be appropriate, "such assurances are neither determinative nor definitive." *Matarranz*, 133 So. 3d at 484. "A trial court's determination of whether a juror can render a verdict based on the evidence presented involves an evaluation of 'all of the questions and answers posed to or received from the juror.'" *Id.* at 484 (quoting *Banks v. State*, 46 So. 3d 989, 995 (Fla. 2010)). Furthermore, "[w]hile a trial court is afforded great discretion in ruling on challenges of jurors for cause, *close cases* involving challenges to the impartiality of potential

2

jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality." *Reid v. State*, 972 So. 2d 298, 300 (Fla. 4th DCA 2008).

Where a juror states that he or she would give a police officer's testimony more credence than that of a lay person, courts routinely have held that such a juror should be excused for cause. *See, e.g., Juede*, 837 So. 2d at 1116; *see also Rimes v. State*, 993 So. 2d 1132, 1134 (Fla. 5th DCA 2008); *Reid v. State*, 972 So. 2d 298, 300 (Fla. 4th DCA 2008); *Slater v. State*, 910 So. 2d 347, 348 (Fla. 4th DCA 2005); *Scott v. State*, 825 So. 2d 1067, 1069 (Fla. 4th DCA 2002). In *Juede*, we noted that while a juror may be rehabilitated, "'[a] juror's subsequent statements that he or she could be fair should not necessarily control the decision to excuse a juror for cause, when the juror has expressed genuine reservations about his or her preconceived opinions or attitudes.'" 837 So. 2d at 1115-16 (quoting *Rodas v. State*, 821 So. 2d 1150, 1153 (Fla. 4th DCA 2002)).

Here, the juror expressed his opinion that he would find a police officer more credible than a lay witness at least four times under questioning. Even after the court attempted to rehabilitate the juror, he still reiterated that his initial judgment would be that "the cop is telling the truth," although if instructed to give the officer and lay witness equal credibility, he said "I *think* I can do that." (Emphasis added). Thus, his response did not completely overcome his prior statements that he would be more likely to believe a police officer than a lay person. *See Juede*, 837 So. 2d at 1116. As this is a close case, the court should have struck the juror for cause.

Consistent with the foregoing authority, we reverse and remand for a new trial.

TAYLOR, J., concurs.
FORST, J., concurs specially with opinion.

FORST, J., concurs specially.

The situation in this case is similar to that in *Juede v. State*, 837 So. 2d 1114 (Fla. 4th DCA 2003). In that case, the juror at issue responded in the negative when questioned as to whether he would give more weight to a police officer's testimony "just because of the uniform," and then "explained he believed the officers were trained in investigation, and thus, would tend to give more weight to an officer's observations than a lay witness' based upon this experience." *Id.* at 1116 (Warner, J., dissenting). In common with Judge Warner's dissenting opinion in *Juede*, "I see nothing biased about a belief that a witness' training and experience may

make his or her testimony more believable and readily accepted by a juror than a witness without those same experiences." *Id.*

However, I am cognizant that Judge Warner was in the minority in *Juede*, and that subsequent opinions of this court, *see, e.g., Slater v. State*, 910 So. 2d 347 (4th DCA 2005)[1], and the Florida Supreme Court, *see, e.g., Matarranz v. State*, 133 So. 3d 473 (Fla. 2013)[2], have moved the bar in the direction of excusing the challenged juror, even after a seeming rehabilitation, while concurrently limiting the amount of discretion afforded trial judges in weighing challenges to prospective jurors. Thus, I am constrained to join the majority in reversing the trial court.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We held in *Slater* that the trial court erroneously denied a for-cause challenge to a juror who stated "he believed 'the testimony of a police officer carries a little more weight' because officers are 'trained to be observant, and they are apt to see things and to pick out more things that we miss.'" 910 So. 2d at 348.

[2] The Court concluded that the trial court should have given less weight to a prospective juror's declaration on impartiality after lengthy questioning and focused more on "the majority of her responses—and particularly her initial reactions" in determining suitability for juror duty. *Matarranz,* 133 So. 3d at 490.

4