FORST, J.,
concurs specially.
The situation in this case is similar to that in Juede v. State, 837 So.2d 1114 (Fla. 4th DCA 2003). In that case, the juror at issue responded in the negative when questioned as to whether he would give more weight to a police officer’s testimony “just because of the uniform,” and then “explained he believed the officers were trained in investigation, and thus, would tend to give more weight to an officer’s observations than a lay witness’ based upon this experience.” Id. at 1116 (Warner, J., dissenting). In common with *851 Judge Warner’s dissenting opinion in Jue-de, “I see nothing biased about a belief that a witness’ training and experience may make his or her testimony more believable and readily accepted by a juror than a witness without those same experiences.” Id.
However, I am cognizant that Judge Warner was in the minority in Juede, and that subsequent opinions of this court, see, e.g., Slater v. State, 910 So.2d 347 (Fla. 4th DCA 2005)[1], and the Florida Supreme Court, see, e.g., Matarranz v. State, 133 So.3d 473 (Fla.2013)[2], have moved the bar in the direction óf excusing the challenged juror, even after a seeming' rehabilitation, while concurrently limiting the amount of discretion afforded trial judges in weighing challenges to prospective jurors. Thus, I am constrained to join the majority in reversing the trial court.

. We held in Slater that the trial court erroneously denied a for-cause challenge to a juror who stated “he believed ‘the testimony of a police officer carries a little more weight’ because officers are ‘trained to be observant, and they are apt to see things and to pick out more things that we miss.’ ” 910 So.2d at 348.

. The Court' concluded that the trial court should have given less weight to a prospective juror’s declaration on impartiality after lengthy questioning and focused more on “the majority of her responses — and particularly her initial reactions” in determining suitabili- ■ ty for juror duty. Matarranz, 133 So.3d at 490.