NORTHCUTT, Judge.
A jury convicted Randy Adkins of battery on a law enforcement officer.[1] He seeks a new trial, arguing that the trial court erred in refusing to strike two potential jurors for cause. We agree. Accordingly, we reverse and remand for a new trial.
In order to place the two jurors’ responses during voir dire into perspective, we summarize the facts of this case. Following his arrest on an unrelated charge, Adkins was driven to the police station by two officers. According to Adkins’s version of events, during the ride to the station Officer Laughlin ran a red light and a stop sign. When Adkins commented on the officer’s driving, Laughlin told him to shut up. Adkins then jokingly told the officer he would “kick his ass.” When they reached the station, Laughlin jerked Adkins out of the car, punched him numerous times, knocked him to the ground and kicked him. Adkins reached back to prevent himself from falling and, in doing so, grabbed Laughlin by the groin.
The officers, on the other hand, testified that they did not fail to stop at either a light or a sign. They did hear Adkins talking in the back seat. But Adkins had been drinking, and they did not take him seriously. When they arrived at the station, Adkins refused to move, and instead stood several inches from Laughlin’s face. When Laughlin attempted to turn Adkins around and shepherd him into the station, Adkins grabbed him by the testicles. Laughlin was in pain, and he struck Adkins several times to make him let go. Adkins then fell down.
With those conflicting scenarios in mind, we turn to the questioning in voir dire. Prospective juror Skinner disclosed that his nephew was a law enforcement officer who had been touched or stricken against his will. Skinner described the circumstances of the incident as “similar to what [the prosecutor] described today....” He said the incident could color his decision. He also had a personal concern about law enforcement officers being physically assaulted. When the prosecutor asked if he could set aside his feelings and his experiences involving his nephew, Skinner stated “I don’t know.” Skinner later stated that his son was a Judge Advocate General officer in the Army reserves and, on occasion, served as a prosecutor. Again, the State asked if he could put that aside, and again he responded that he didn’t know.
Prospective juror Stedke told defense counsel that he knew “of no circumstances where a police officer picked an innocent person off the street ... and assaulted [him], period.” Several times he stressed that he believed officers would not use excessive force on innocent people. Moreover, Stedke said he would lend more credibility to a police officer’s testimony simply because he was an officer.
At a bench conference after voir dire, Adkins’s counsel asked the court to strike venirepersons Skinner and Stedke for cause. The court declined to do so. Adkins used peremptory strikes to remove them from the jury. After depleting his peremptory challenges, Adkins’s counsel requested three more, and again, his request was denied. Counsel identified the jurors he would have stricken if the court had granted his challenges for cause or had given him additional peremptory challenges. See Trotter v. State, 576 So.2d 691 (Fla.1990). When asked if he accepted the jury panel, counsel reserved his previous *721 ly-made objections. See Joiner v. State, 618 So.2d 174 (Fla.1998). Thus, Adkins preserved this issue for our review.
When arguing that Skinner should be excused for cause, Adkins specifically referred to Skinner’s statements that he did not know if he could put aside his personal experiences. As we stated in Lazana v. State, 666 So.2d 588, 589 (Fla. 2d DCA 1996), “[i]f there is a reasonable doubt as to a juror’s ability to be impartial, the juror should be excused for cause.” Skinner’s responses were sufficiently equivocal to require that he be stricken for cause.
In his challenge of Stedke, Adkins called the trial court’s attention to his remarks concerning law enforcement’s use of excessive force, and his belief that police officers were more credible. Adkins’s theory was that he acted in self defense when the officer attacked him first. See Casey v. State, 651 So.2d 1230 (Fla. 2d DCA 1995). Stedke’s comments implied that he could not accept such a defense. In Ferguson v. State, 693 So.2d 596, 597 (Fla. 2d DCA 1997), we explained that when veni-repersons indicate an aversion to a potential defense, reasonable doubt could exist about their ability to render a verdict based on the evidence and the law. Such reasonable doubt existed here, and the court should have granted Adkins’s for-cause challenge. We also note that Sted-ke’s statement about police credibility was particularly troubling in the context of this case. Laughlin was more than just an investigating officer; he was the victim of the alleged battery.
The transcript of the voir dire reveals that neither of these prospective jurors was rehabilitated after making the challenged statements. We reverse Adkins’s conviction, and remand for a new trial.
ALTENBERND, A.C.J., and BLUE, J., Concur.

. § 784.07(2)(b), Fla. Stat. (1995).