805 So.2d 827 (2001)
Jose Luis GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4559.
District Court of Appeal of Florida, Second District.
July 6, 2001.
Rehearing Denied August 7, 2001.
James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
*828 PATTERSON, Judge.
Jose Garcia appeals from his judgment and sentence for two counts of sexual battery on a child under the age of twelve. He raises several issues on appeal; we find merit in his first contention that the jury selection process was fatally flawed and reverse on that basis. We therefore need not reach the remaining issues on appeal.
Garcia was charged with perpetrating the charged offenses upon his ten-year-old stepdaughter. The substance of the offenses resulted in the excusing of a number of jurors for cause. This controversy centers on two jurors who were not excused, prospective jurors five and thirteen.
When juror number five, a Manatee County schoolteacher, was asked if he could make a fair determination as to the voluntary nature of Garcia's statements to the police, he said:
I'm not sure I could either, because in Vietnam the fellas went through one heck of a lot without ever admitting to anything, and whenever you make a confession, and I'm sure our policemen are not like the Viet Cong used to be, so you know, it would be awful hard for me to do it.
When defense counsel asked the juror if he would have difficulty following the court's instruction on the matter, the juror replied:
Yeah, because, you know, my opinion of the police is that they will not, you know, torture you or beat you into submission here in Manatee County, from what I know, and the legal system, you know, has defenses for all this other stuff. You know, so you have a right to a lawyer and all this other stuff so that this stuff does not happen. And what happened to all of these preventions in this case?
Because juror number five expressed difficulty in believing that a defendant's confession could have been made involuntarily, defense counsel moved to strike the juror for cause, which motion the court denied. Defense counsel then struck this juror with a peremptory challenge.
The trial court erred in denying defense counsel's motion. The inability or difficulty of a juror to follow the law regarding a defendant's out-of-court confession is basis for a challenge for cause. Kerestesy v. State, 760 So.2d 989 (Fla. 2d DCA 2000).
With regard to prospective juror number thirteen, this juror's stepson is a deputy sheriff with the Manatee County Sheriff's Office. The prosecutor referred to the deputy by his first name. When asked about judging the credibility of law enforcement officers, the juror stated, "I believe that if they were under oath, they wouldn't lie." She said that if an officer's version of what happened conflicted with that of a nonlaw enforcement witness, she would probably believe the officer. She also indicated that she would have difficulty in following the court's instruction on the voluntariness of a confession. For these reasons, defense counsel moved to strike juror number thirteen for cause. The court then injected itself into the matter and questioned the juror in a manner which appears to have been an attempt to rehabilitate her. The court denied the motion to strike. Defense counsel then struck juror number thirteen with a peremptory challenge.
Again, the trial court erred in denying the motion to strike. A juror who expresses a bias in favor of the testimony of a law enforcement officer should be excused for cause. Polite v. State, 754 So.2d 859 (Fla. 3d DCA 2000); Adkins v. State, 736 So.2d 719 (Fla. 2d DCA 1999).
*829 Defense counsel exhausted all of his peremptory challenges and then requested of the court two additional challenges, identifying the jurors whom he wished to strike. The court denied the request, and the issue was properly preserved for appeal. See Hall v. State, 614 So.2d 473 (Fla.1993).
It is the responsibility of the trial court to assure that the jury is as impartial as possible so that the defendant receives a fair trial. A juror must be excused when any reasonable doubt exists as to whether that juror possesses the state of mind necessary to render an impartial judgment. Hill v. State, 477 So.2d 553 (Fla.1985). In this case, it is clear that the trial court failed to carry out that responsibility. Therefore, we reverse and remand for a new trial.
Reversed and remanded.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.