917 So.2d 250 (2005)
Corey Jermaine STILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2970.
District Court of Appeal of Florida, Third District.
December 14, 2005.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Corey Jermaine Still, appeals the trial court's final judgment of conviction and sentence. We affirm.
Still raises four points on appeal, two of which merit discussion. First, he argues that the trial court abused its discretion in striking prospective juror Small for cause without determining if the State's information regarding a juror's arrests was correct. We disagree.
*251 Trial courts have great discretion when they grant or deny a challenge for cause based on juror competency. See Barnhill v. State, 834 So.2d 836, 844 (Fla. 2002). This discretion is afforded because trial courts have a unique vantage point in their observation of juror's voir dire responses. Trial courts make observations which cannot be made from a cold appellate record. See Mendoza v. State, 700 So.2d 670, 675 (Fla.1997).
Although Still argues that the trial court granted the cause challenge based solely on the assertion that Small had arrests which he failed to reveal, the record establishes that the strike was not on that basis alone. The prosecutor stated that this was an additional basis. The voir dire transcript also reveals that the prospective juror had expressed great trauma over being the victim of a home invasion and made other comments which could be construed as having a bearing on his competency. Only the trial judge was in the position to observe the prospective juror's responses.
We reject, however, the State's argument that, as an additional consideration, it made it clear that if the cause challenge was denied by the trial court, the State would have exercised a peremptory challenge, and the State had sufficient peremptories left to do so. The Florida Supreme Court has held that this error is not subject to a harmless error analysis. See Ault v. State, 866 So.2d 674, 686 (Fla.2003). Quoting from Gray v. Mississippi, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987), the Florida Supreme Court explained in Ault:
The unexercised peremptory argument assumes that the crucial question in the harmless-error analysis is whether a particular prospective juror is excluded from the jury due to the trial court's erroneous ruling. Rather, the relevant inquiry is "whether the composition of the jury panel as a whole could possibly have been affected by the trial court's error."
Ault, 866 So.2d at 686 (citations omitted).
We turn next to Still's second point on appeal that the trial court erred in failing to conduct a Frye hearing regarding the testimony of OnStar Computer Service, the operator of an in-vehicle telecommunication system. We find that the trial court correctly found that it was not necessary to conduct a Frye hearing to determine the reliability of OnStar's evidence.
Novel scientific evidence is inadmissible unless it meets the test set out in Frye v. United States, 293 F. 1013 (D.C.Cir.1923). Courts only use the Frye test in cases of new or novel scientific evidence. See Brim v. State, 695 So.2d 268, 271-72 (Fla.1997). The evidence involved in this case is nothing more than commonplace global positioning satellite (GPS) technology, a technology which has been generally accepted and used for years. The OnStar system is not new or novel scientific evidence; it is basically a tracking system that uses GPS technology. Florida courts have allowed evidence obtained from GPS systems. See Hicks v. State, 852 So.2d 954, 957 (Fla. 5th DCA 2003). Other jurisdictions have held such tracking technology admissible without conducting a Frye hearing. See State v. Vermillion, 112 Wash.App. 844, 51 P.3d 188 (2002); People v. Cortorreal, 181 Misc.2d 314, 695 N.Y.S.2d 244 (1999).
Furthermore, even if the trial court erred in admitting the OnStar evidence, it was harmless error because Still was not prejudiced by not having a Frye hearing. The evidence indicated that the subject vehicle had Still's fingerprints on it, Still told his uncle the subject vehicle belonged to him, and the subject vehicle was found at Still's aunt's house. Moreover, an eye-witness *252 made a positive identification of Still and saw Still leave the subject car. No expert in this case was necessary because of the overwhelming evidence tying Still to the vehicle.
Affirmed.