931 So.2d 999 (2006)
Eleck WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-328.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, and Colleen B. Ward, Assistant Public Defenders, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before LEVY, GREEN, and SHEPHERD, JJ.
PER CURIAM.
Defendant Eleck Williams appeals his convictions and sentences for burglary of an unoccupied dwelling, and resisting an officer without violence. Williams raises two issues on appeal, neither of which merits reversal. We accordingly affirm.
*1000 Williams first argues that during voir dire the court abused its discretion in permitting the State to pose various hypothetical scenarios to prospective jurors, to inquire whether the jurors would convict under those theoretical circumstances. While it is certainly well settled that attorneys "may not have jurors indicate, in advance, what their decision will be under a certain state of evidence or upon a certain state of facts," Franqui v. State, 699 So.2d 1312, 1322 n. 5 (Fla.1997), the State's hypotheticals in this case did not attempt to elicit any such responses. Rather, the State's questions were geared towards eliciting whether the jurors would find reasonable doubt based upon an extreme set of unrelated hypothetical facts or sympathy. The jurors were not presented with the facts of this case, nor asked to offer their decisions during voir dire. These hypotheticals, designed to determine whether the jurors could correctly apply the law, are permissible. Cave v. State, 899 So.2d 1042, 1056 (Fla.2005); Mosely v. State, 842 So.2d 279 (Fla. 3d DCA 2003). Compare Saulsberry v. State, 398 So.2d 1017 (Fla. 5th DCA 1981)(hypothetical embodying facts of case designed to obtain tacit commitment from jurors to convict improper and merited granting mistrial motion). Thus, the court did not abuse its discretion in permitting this line of questioning.
Williams next argues that the court abused its discretion in prohibiting the admission of his oral statements to police at the time of his arrest, during the cross-examination of the officers. The officers testified on direct that Williams had spoken with them; the statements were not disclosed on direct. These statements were properly excluded as inadmissible hearsay. Cotton v. State, 763 So.2d 437 (Fla. 4th DCA 2000). There was no additional requirement that the statements be introduced under the rule of completeness, as the state did not introduce any incriminating statements by defendant. Husseain v. State, 805 So.2d 1066, 1067 (Fla. 3d DCA 2002)(under "rule of completeness" defendant's out-of-court exculpatory statements must be admitted when state witness testifies to defendant's incriminating statements). Guerrero v. State, 532 So.2d 75 (Fla. 3d DCA 1988)(same). Thus, there was no risk that the jury was misled, or was left with an erroneous impression of what the defendant may have stated.
Based on the foregoing, we affirm the convictions and sentences.
Affirmed.