939 So.2d 1116 (2006)
Jimmy Lewis MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-875.
District Court of Appeal of Florida, Third District.
October 4, 2006.
*1117 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and SUAREZ, JJ.
SUAREZ, J.
The defendant appeals his convictions for burglary, petit theft, and resisting arrest without violence. We affirm.
The defendant contends on appeal that he was deprived of a fair trial because the State asked the venire hypothetical questions he deems irrelevant, and because the trial court struck several jurors for cause based on their responses to the hypothetical questions. He seeks reversal of his convictions and retrial. The State asserts that the convictions should be affirmed because the hypothetical questions were proper and the trial court only struck potential jurors who were unwilling to follow the law.
The defendant was arrested when he allegedly reached under the partially opened door of a scrap metal business a few minutes after closing time and grabbed four metal radiators. The owner chased the defendant until the defendant dropped the items. An off-duty officer happened to witness the chase and arrested the defendant. At the police station, the defendant waived his Miranda[1] rights and admitted he was in possession of the radiators.
At trial, the prosecutor explained during voir dire the difference between testimonial and physical evidence, and asked the venire whether it would require the State to produce a specific type of evidence. To illustrate the point, the prosecutor described a hypothetical situation involving a purse snatching. The jurors agreed that a case involving the victim's testimony along with physical DNA and fingerprint evidence would be a solid case. The prosecutor then asked whether the venire would be satisfied solely with testimony if the witness was credible and the testimony proved the case beyond a reasonable doubt. Several potential jurors explained that they simply could not convict without physical evidence. The trial court then addressed the venire to explain that no specific type of evidence was necessary. The trial court struck for cause those potential jurors who stated they could not convict without physical evidence.
The purpose of voir dire is to "obtain a fair and impartial jury, whose minds are free of all interest, bias, or prejudice." Pope v. State, 84 Fla. 428, 94 So. 865, 869 (1922). A trial court may exercise its discretion to permit hypothetical questions if they make a "correct reference *1118 to the law of the case that aid in determining whether challenges for cause, or peremptory are proper. . . ." Pope, 94 So. at 869; Pait v. State, 112 So.2d 380 (Fla.1959) (accord). Hypothetical questions, "designed to determine whether the jurors could correctly apply the law, are permissible." Williams v. State, 931 So.2d 999 (Fla. 3d DCA 2006). A trial court's decision to grant or deny a cause challenge is reviewed for an abuse of discretion. Still v. State, 917 So.2d 250 (Fla. 3d DCA 2005).
We affirm because the alleged voir dire error is both unpreserved and without merit. As a preliminary matter, the argument on appeal is unpreserved for appellate review because defense counsel failed to make a contemporaneous objection below. Steinhorst v. State, 412 So.2d 332 (Fla.1982). On the merits, the trial court did not abuse its discretion by permitting hypothetical questions or by striking the jurors at issue for cause. The hypothetical questions did not pretry the case, but tested the venire's ability to accept both testimonial and physical evidence. The hypothetical scenario did not relate to the facts of the case, and did not ask the jurors to commit to a verdict. Instead, it merely explored whether certain venire members would require the State to produce a certain kind of evidence. Indeed, the questioning revealed that certain potential jurors held such a bias and refused to accept testimony alone even if it was credible and satisfied the burden of proof.
Therefore, the trial court did not err by permitting or participating in this line of questioning, and striking the jurors in whom bias was shown. Williams v. State, 931 So.2d 999 (Fla. 3d DCA 2006) (holding that the trial court did not abuse its discretion by permitting the state to pose various hypothetical scenarios to inquire whether the jurors would find reasonable doubt based on sympathy rather than the hypothetical fact pattern).
Affirmed.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).