941 So.2d 432 (2006)
Carlos INFANTES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1795.
District Court of Appeal of Florida, Third District.
October 11, 2006.
Rehearing Denied November 30, 2006.
*433 Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before COPE, C.J., and FLETCHER and LAGOA, JJ.
LAGOA, J.
The defendant, Carlos Manuel Infantes, appeals his judgment and requests a new trial. We affirm the judgment of the trial court and find that no new trial is warranted.
Defendant was charged by information with petit theft (Count 1) and burglary (Count 2). The jury found the defendant not guilty as to Count 1 and on Count 2 found the defendant guilty as to a lesser included offense of burglary of an unoccupied structure.
On appeal, the defendant raises two issues. First, the defendant argues that the trial court abused its discretion by allowing the State to ask hypothetical questions during voir dire, which permitted the State to pre-try the case. The defendant also argues that the trial court abused its discretion in failing to read back the testimony of a witness after receiving a request from the jury during deliberations.
With respect to the first issue raised, the record demonstrates that the State, in discussing the definition of burglary, posed various hypothetical scenarios involving the prosecutor visiting the White House and while on a White House tour taking a pen off the President's desk. The record also shows that the defendant did not object to the State's use of hypothetical questions, and in fact, the defendant used one of the same hypothetical scenarios during his own voir dire. Accordingly, as this issue was not preserved below, it cannot now be considered by this Court. See Archer v. State, 613 So.2d 446, 448 (Fla.1993) ("For an issue to be preserved for appeal, . . . it `must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved).'" (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)).
Moreover, even if this issue had been preserved, the State's hypothetical questions during voir dire were proper as they were designed to determine whether the jurors could correctly apply the law. As this Court recently opined in Williams v. State, 931 So.2d 999 (Fla. 3d DCA 2006):

*434 While it is certainly well settled that attorneys "may not have jurors indicate, in advance, what their decision will be under a certain state of evidence or upon a certain state of facts," Franqui v. State, 699 So.2d 1312, 1322 n. 5 (Fla. 1997), the State's hypotheticals in this case did not attempt to elicit any such responses. Rather, the State's questions were geared towards eliciting whether the jurors would find reasonable doubt based upon an extreme set of unrelated hypothetical facts or sympathy. The jurors were not presented with the facts of this case, nor asked to offer their decisions during voir dire. These hypotheticals, designed to determine whether the jurors could correctly apply the law, are permissible. . . . Thus, the court did not abuse its discretion in permitting this line of questioning.
Id. at 1000 (citations omitted). "The scope of voir dire questioning rests in the sound discretion of the court and will not be interfered with unless that discretion is clearly abused." Jackson v. State, 881 So.2d 711, 713-714 (Fla. 3d DCA 2004). In this case, the trial court did not abuse its discretion in allowing the State's use of hypothetical questions.
The defendant also argues that the trial court abused its discretion in failing to read back the testimony of a witness after receiving a request from the jury during deliberations.[1] After receiving the note, the record demonstrates that the trial court ordered the jury to return to the courtroom and then instructed them as follows:
THE COURT: Ladies and gentlemen, I have your note here that says can we have the testimony of the first officer regarding his going into the store and lifting the tarp and finding the defendant. Our answer to that. You have to relying[sic] on your own collective memory. I cannot offer any other information to you. Thank you very much. I wish I can give you more. But that is all I can give you. Thank you.
Under Florida Rule of Criminal Procedure 3.410, the trial court has wide latitude in the area of reading testimony to the jury. Indeed, "[a] trial court need only answer questions of law, not of fact, when asked by a jury and has wide discretion in deciding whether to have testimony reread." Coleman v. State, 610 So.2d 1283, 1286 (Fla.1992)(no abuse of discretion found in refusing to reread testimony of witness and instructing jury to rely on collective memory of the evidence). We find no abuse of discretion in the trial court's refusal to reread the first officer's testimony and instructing the jury to rely on its collective memory. Moreover, it should be noted that the defendant did not object to this instruction.
As the trial court did not abuse its discretion on the two appellate issues raised, we find that a new trial is not warranted and affirm the judgment of the trial court.
Affirmed.
NOTES
[1] During jury deliberations, the jurors sent the following written note to the trial court:

Can we hear the testimony of the first officer regarding his going into the tire store and lift [sic] the tarp and finding the defendant?