COPE, J.
(dissenting).
Defendant-appellant Steven Hazuri appeals his conviction of aggravated battery with a weapon. He requests a new trial based on the trial court’s response to a jury question. His point is well taken.
Defendant was charged with armed robbery and aggravated battery with a weapon. At the conclusion of the trial, the jury retired to deliberate. After a few hours of deliberating, the jury sent a note saying that the jurors were unable to reach a verdict. The jury was sent home for the evening and returned the next morning to continue its deliberations.
The jury sent a note requesting trial transcripts. The following transpired:
THE COURT: Back on the record. Note for the record the presence of the defendant, his attorney, the assistant state attorney. Counsel, we have a note from the jury. Could they get transcripts from the trial. State, suggestions.
[ASSISTANT STATE ATTORNEY]: My only suggestion is that we tell them they must rely on their own recollection of the testimony.
THE COURT: [Defense counsel].
[DEFENSE COUNSEL]: My answer is you should inform the jury that they are allowed to have whatever, you know, portion of the transcript read back to them if they have a question about some evidence, but to have a set of transcripts from the trial, absolutely not.
THE COURT: There are no trial transcripts of moment. Certainly portions of the record could be read, however, I do believe that the accurate and correct response is that they must rely on their own collective recollection of the evidence and we will answer the question that way.
[DEFENSE COUNSEL]: You are not going to advise them that they have a right to have the transcript read back?
THE COURT: They don’t have a right. It is within my discretion.
[DEFENSE COUNSEL]: Would you note my objection for the record.
THE COURT: I will note your objection, counselor. I will note it for the record.
[DEFENSE COUNSEL]: You are just going to send the note back?
THE COURT: Yeah. Okay. Okay. There you go. Okay. We will be in recess.
Florida Rule of Criminal Procedure 3.410 addresses a jury request to review the evidence. It authorizes the jury to request that testimony be read. The rule states:
Rule 3.410. Jury Request to Review Evidence or for Additional Instructions
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
*861 “While the trial court has the discretion to deny a jury’s request to read back testimony, it may not mislead the jury into thinking that a readback is prohibited.” Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001). In Avila, the jury requested transcripts of the testimony of four alibi witnesses. The judge told the jury that there were no transcripts and that the jury should rely on its collective recollection. The court did not mention that a readback of the testimony was available. The Fourth District reversed, saying that the court “may have confused the jury as to whether a readback of testimony was permissible ....” Id. at 416; see also Huhn v. State, 511 So.2d 583, 591 (Fla. 4th DCA 1987) (error to instruct the jury that there was no provision to have any testimony read back); Biscardi v. State, 511 So.2d 575, 580-81 (Fla. 4th DCA 1987) (same); cf. Cedars of Lebanon Hosp. Corp. v. Silva, 476 So.2d 696, 700, 703 (Fla. 3d DCA 1985) (new trial order affirmed where trial court’s admonition to the jury that it could not be the jury’s “pen pal” “in effect prohibited the jury from asking ... questions necessary to allay the jury’s confusion.”).
The State relies on Infantes v. State, 941 So.2d 432 (Fla. 3d DCA 2006). In that case there was neither a defense objection to the trial court’s response to the jury’s request for transcripts, nor a request for an instruction about the possibility of a readback. Id. at 434.
In this case the defense timely requested that the jury be informed that a read-back of testimony was permissible. The instruction requested by the defense should have been given.
With all due respect, much of the majority opinion is niggling nitpicking. The majority opinion finds dispositive the fact that the jury note asked for transcripts. According to the majority, since no transcripts were in existence, it follows that the question could be answered with a simple “no.”
The majority opinion overlooks the fact that jurors are composed of lay persons. If they knew the technical details of the law, then they would have written a better note. But the substance of the question was whether the jury could review the testimony. Defense counsel quite properly said that under rule 3.410, a jury may request to have “testimony read to them,” and the court may so order.*
It seems clear that under the Fourth District decisions in Avila, Huhn, and Bis-cardi, the defendant is entitled to relief. The defense objection was timely and appropriate.
There should be a new trial.

 The suggestion in footnote one of the majority opinion that we do not know what the trial court told the jury is contradicted by the rest of the majority opinion. As quoted by the majority opinion, the trial court said, “I do believe that the accurate and correct response is that they must rely on their own collective recollection of the evidence and we will answer the question that way.”