NORTHCUTT, Judge.
Robert Freeman appeals his convictions for armed trespass and improper exhibition of a weapon. He contends, and we agree, that the trial court erred when it denied a challenge for cause during jury selection, and we reverse on that issue. We affirm without further discussion the trial court’s denial of Freeman’s motion for a judgment of acquittal.
Freeman’s charges arose when he failed to immediately leave a Walgreens store at the request of an assistant manager and waved a knife during his conversation with the assistant manager. In jury selection, the parties explored the venire-members’ views on the credibility of police officers. In response to the prosecutor’s questions, one prospective juror revealed that her three children and one son-in-law worked in law enforcement. She said that they occasionally talked to her about their cases; two of the children actually worked in administration. The prosecutor mentioned that there would be testimony from law enforcement officers in this case, and the prospective juror said that she could be fair and impartial.
When it was his turn to question the venire, the assistant public defender returned to this person’s connection to law enforcement. He pointed out that a juror has to evaluate the credibility of witnesses and that the prosecutor had announced the *1165 names of police officers as potential witnesses. He then asked: “[I]f you had to evaluate the testimony of a police officer could you put the police officer on the same starting line as any other witness or would you tend to believe or disbelieve a police officer more because he was a police officer[?]” The prospective juror’s response was: “Possibly I would.” Defense counsel then clarified: “You just think because they’re a police officer you might tend to think they’re more credible or believable, correct?” And she responded: “Possibly.”
After inquiring of another venire-member, defense counsel returned to the prospective juror previously questioned, and the following exchange occurred:
[Defense counsel]: Now going back to you ..., do you think it’s fair, and I don’t want to put words in your mouth, do you think it’s fair to say because of your experience and relatives you in your own mind you have some doubt whether or not you could start a police officer on the same line, you might tend to find them a little more believable?
[Prospective juror]: Are you just asking me the same thing?
[Defense counsel]: Well, I’m actually phrasing it a little bit differently. But what my question basically is, do you think because of your life experience and your relatives, in your own mind do you think you might tend to find a police officer more believable because they’re a law enforcement officer?
[Prospective juror]: I don’t think that’s necessarily always the case. I know they are people just like everyone else. But to be honest I—
[Defense counsel]: That’s all we’re asking you to do.
[Prospective juror]: — I may, I may give them a little more credibility. Yes.
Defense counsel challenged this prospective juror for cause, arguing that she had expressed some doubt about her ability to be fair and impartial. The trial court denied the challenge, and defense counsel used a peremptory strike to remove her from the jury. After later exhausting his peremptory challenges, defense counsel sought to strike another prospective juror. But the trial court denied the defense request for additional peremptory challenges, and that person served on the jury. Defense counsel renewed his previous objection when the jury was sworn.
Freeman argues on appeal that the trial court erred in denying the cause challenge. The issue was properly preserved for appeal. See Adkins v. State, 736 So.2d 719, 720-21 (Fla. 2d DCA 1999) (concluding issue was preserved when defense used peremptory strike on particular juror after court denied cause challenge, asked for but was denied additional peremptory strikes, identified juror that would have been stricken, and renewed objection when accepting the panel).
The State argues that Freeman failed to preserve the issue because he did not demonstrate a reason for objecting to the juror who was seated after he exhausted his peremptory challenges. It cites Trotter v. State, 576 So.2d 691 (Fla.1990), which held that the defense must identify an objectionable juror who was allowed to serve after the improper denial of a cause challenge. But the supreme court explained that an “objectionable juror” means “a specific juror whom [the defense] otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted.” Id. at 693 (footnote omitted). Indeed, the supreme court has specifically refused to adopt a standard that would require the *1166 defendant to show that a seated juror was “ ‘legally objectionable,’ or one who [was] biased or partial.” Busby v. State, 894 So.2d 88, 97 (Fla.2004).
Having concluded that the issue was properly preserved, we turn to the merits. A juror should be excused for cause “[i]f there is a basis for any reasonable doubt as to any juror’s possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial.” Hill v. State, 477 So.2d 553, 555 (Fla.1985) (quoting Singer v. State, 109 So.2d 7, 24 (Fla.1959)). “The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render [a] verdict solely upon the evidence presented and the instructions on the law given ... by the court.” Id. (quoting Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984)). On review of this mixed question of law and fact, a trial court’s decision should be reversed only for manifest error. Id. at 556. A trial court’s failure to excuse a juror for cause is manifest error “when the juror responds with equivocal or conditional answers, thus raising a reasonable doubt as to whether the prospect possesses the requisite state of mind necessary to render an impartial decision.” Salgado v. State, 829 So.2d 342, 344 (Fla. 3d DCA 2002) (finding manifest error in denial of cause challenge to prospective juror who equivocated on issue of judging police officer’s credibility).
Here, the prospective juror’s answers indicated a basis for reasonable doubt as to her ability to be impartial and free from bias in her assessment of the witnesses’ credibility. “A juror is not impartial when one side must overcome a preconceived opinion in order to prevail.” Hill, 477 So.2d at 556. While she first said that she could be fair and impartial when faced with testimony from law enforcement officers, thereafter she was consistently equivocal. Her final, “honest” answer was that she may give more credibility to police officers. As this court has held, “[a] juror who expresses a bias in favor of the testimony of a law enforcement officer should be excused for cause.” Garcia v. State, 805 So.2d 827, 828 (Fla. 2d DCA 2001); accord Rimes v. State, 993 So.2d 1132, 1134 (Fla. 5th DCA 2008) (“A juror who would tend to defer to a police witness should be excused for cause.”); Martinez v. State, 795 So.2d 279, 282 (Fla. 3d DCA 2001) (reversing where juror was at best equivocal on his view of police officers’ credibility and stating that “close calls on the issue of juror competency should be resolved in favor of removal”).
Accordingly, we reverse Freeman’s convictions and remand for a new trial.
CASANUEVA, C.J., and CRENSHAW, J., Concur.