NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSE ALBINO RODRIGUEZ,      )
                            )
            Appellant,      )
                            )
v.                          )            Case No. 2D15-2961
                            )
STATE OF FLORIDA,           )
                            )
            Appellee.       )
_____)

Opinion filed May 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Thomas P. Barber
and William Fuente, Judges.

Howard L. Dimmig, II, Public Defender,
and J. Rafael Rodriguez, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa,
for Appellee.

SILBERMAN, Judge.

Jose Albino Rodriguez appeals his convictions and sentences for

conspiracy to traffic in heroin and trafficking in heroin. Rodriguez raises four issues on

appeal, and we find no error and make no further comment on the denial of his motion

to suppress and motion to continue.[1]  Because the trial court committed reversible error in denying challenges for cause during jury selection, we reverse and remand for a new trial.  Based on this disposition, we need not reach a fourth issue that Rodriguez raises on appeal.

Rodriguez contends that the trial court erred in failing to strike for cause Jurors 8, 13, 16, and 20 based on their responses regarding whether they would give greater credence to law enforcement witnesses.  Because Jurors 13, 16, and 20 were not rehabilitated, we agree that they should have been stricken for cause.

In giving the prospective jurors preliminary instructions at the beginning of voir dire, the trial court stated as follows:

> It doesn't matter whether the witness is a physician or a chemist or a police officer or a plumber.  Every witness gets on the witness stand on the same footing and you have to assess the accuracy of that witness' testimony based upon what he or she says compared to what other witnesses have to say.  And again in fact you'll get a special instruction regarding expert witnesses and police officers and the instruction will simply tell you that any witness, no witness rather is entitled to any greater or lesser consideration simply because of his or her position as to what he or she does.

When defense counsel was questioning the venire he asked if law enforcement officers are "given additional credibility just because of who they are."  He also asked the question in terms of whether law enforcement officers are given "additional credibility because of their experiences[,] because of their training."  When defense counsel asked Juror 8 if officers are given additional credibility, she responded, "All things being equal I

---

[1]Judge Barber conducted the suppression hearing, and Judge Fuente conducted the jury trial.

think perhaps a law enforcement officer may have a little more credibility but I would probably judge the testimony based on the individual and what they were saying compared to what everybody else was saying." When counsel said he was trying to get a more definitive answer, she said, "My training is in insurance claims work and so I'm very accustomed to looking at a whole bunch of different versions of things and trying to make an independent decision based on what makes sense."

Defense counsel asked Juror 13, "[I]s law enforcement given additional credibility because—" Juror 13 cut counsel off and said, "In my personal view, yes."

Defense counsel asked Juror 16, "[I]s law enforcement given additional credibility?" She answered yes, and when asked to explain, she said, "Because it's their job. I just assume they know how to do it."

Defense counsel asked Juror 20, "[I]s law enforcement given additional credibility based upon their training and experience or are they treated as equal to any other lay witness?" Juror 20 said, "Yes, based on their training and experience."

After the defense concluded, the prosecutor asked if she could have a brief opportunity to rehabilitate some of the prospective jurors. The trial court denied the request and said that they would "proceed with what's been asked." No more questions were asked of the prospective jurors, and counsel and the trial court proceeded to the challenges.

When defense counsel made his first challenge for cause based on prospective jurors giving additional credibility to law enforcement, the following occurred:

THE COURT: State, any response?

[THE PROSECUTOR]: Yes, she never, Counsel never inquired as to whether she could continue to be fair and impartial and would follow the law as it was read by Your Honor in the jury instructions.

THE COURT: That's my concern. When these questions were posed the jurors were never told what the law is and whether they could follow it notwithstanding so I'll deny the suggestion for cause as to number 4.

Defense counsel used a peremptory strike on Juror 4. Defense counsel later made challenges for cause on the same basis, that the specified jurors said they would give additional credibility to law enforcement.

With respect to Juror 8, the State noted that she had said that she would judge the testimony based on the person. The trial court stated that it recalled the questioning and had in its notes that "she was okay" and nothing caused the court "any reasonable doubt that she could not be objective and fair notwithstanding her response regarding law enforcement" and denied the challenge for cause. The trial court did grant a cause challenge on another juror, Juror 12, based on giving additional credibility to law enforcement.

After the defense ran out of peremptory strikes, counsel challenged Juror 20 for cause based on additional credibility to law enforcement. The State again asserted that the juror "never testified that he could not be fair—fair and impartial and did not indicate that he would not follow the law as instructed by the Court on credibility." The trial court denied the request, stating that it had no recollection or notations on Juror 20. The trial court denied defense counsel's request for an additional peremptory challenge to strike Juror 20. Defense counsel objected to the panel and stated that it was objecting to Jurors 8, 13, 16, and 20 for cause based on additional

- 4 -

credibility to law enforcement. The trial court noted the objection and subsequently swore in the jury.

Rodriguez preserved the issue for appeal by moving to strike these jurors for cause, requesting an additional peremptory challenge once the peremptory challenges had been exhausted, stating that the defense would have excused these jurors if possible, and objecting to the panel which deliberated on the case. See Matarranz v. State, 133 So. 3d 473, 482 (Fla. 2013); Freeman v. State, 50 So. 3d 1163, 1165 (Fla. 2d DCA 2010). Jurors 8, 13, 16, and 20 all served on the jury that convicted Rodriguez.

The Florida Supreme Court has stated that "a failure to ensure that our jury panels are comprised of only fair and impartial members renders suspect any verdict reached." Matarranz, 133 So. 3d at 477. The trial court has "the responsibility to determine that jurors render a verdict solely on the evidence presented and the law given by the court." Id. at 484. Thus, "if there is a reasonable basis to doubt a juror's impartiality, then that juror should be excused." Id. at 488; see also Freeman, 50 So. 3d at 1166; Vega v. State, 182 So. 3d 848, 850 (Fla. 4th DCA 2016). In a close case, "any doubt as to a juror's competency should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality." Thomas v. State, 958 So. 2d 1047, 1050 (Fla. 2d DCA 2007); see also Vega, 182 So. 3d at 850.

On direct review of a trial court's decision for manifest error, where the record shows "a reasonable doubt about a juror's ability to be impartial, the trial court abuse[s] its discretion in denying the cause challenge." Carratelli v. State, 961 So. 2d 312, 319 (Fla. 2007). The "failure to excuse a juror for cause is manifest error 'when the

juror responds with equivocal or conditional answers, thus raising a reasonable doubt as to whether the prospect possesses the requisite state of mind necessary to render an impartial decision.' " Freeman, 50 So. 3d at 1166 (quoting Salgado v. State, 829 So. 2d 342, 344 (Fla. 3d DCA 2002)).

A trial court should excuse a juror for cause when that juror expresses bias in favor of a law enforcement officer's testimony. Freeman, 50 So. 3d at 1166; Garcia v. State, 805 So. 2d 827, 828 (Fla. 2d DCA 2001); Vega, 182 So. 3d at 850; Rimes v. State, 993 So. 2d 1132, 1134 (Fla. 5th DCA 2008). Florida law permits a party to rehabilitate a juror whose answers during voir dire raise concerns regarding the juror's impartiality. Matarranz, 133 So. 3d at 486; Rimes, 993 So. 2d at 1134.

With respect to Juror 8, she said that perhaps she would give an officer a little more credibility, but then she stated she would probably judge the testimony based on the individual and compare the testimony to the other witnesses. When asked for a more definitive answer, she stated that in her work in insurance claims she had to look at different versions of events and try to make an independent decision based on what makes sense. We conclude that the trial court did not abuse its discretion in denying the cause challenge because in the context of her entire answer, there is no reasonable doubt to as to Juror 8's ability to be impartial.

But the answers by Jurors 13, 16, and 20 do raise concerns about their impartiality. When asked if they would give law enforcement additional credibility, they all answered yes. None of them were rehabilitated. In fact, the State asked for permission to question the prospective jurors for purposes of rehabilitation, and the trial court denied the request. The trial court relied on the fact that the jurors were not asked

whether they could be fair and impartial and would follow the law as instructed. Had the trial court permitted the State to ask such questions, it is possible that the jurors would have demonstrated their ability to be impartial. But without rehabilitation, we are left with only their answers that they would give additional credibility to law enforcement. Thus, the record raises a reasonable doubt as to the impartiality of Jurors 13, 16, and 20, and they should have been excused for cause.

To the extent that the State contends, without citation to authority, that any error is harmless, the harmless error rule does not apply. See Thomas, 958 So. 2d at 1050 (recognizing that the "per se" error rule regarding jury selection errors has its critics but that it is the analysis this court must apply). Thus, we are constrained to reverse Rodriguez's convictions and sentences and remand for a new trial.

We note for purposes of remand that English transcripts of controlled telephone calls made in Spanish were used as an aid at trial. If the English transcripts are used again and the accuracy of the transcripts is in dispute, then the trial court should read Florida Standard Jury Instruction (Crim.) 2.11, entitled "Transcript of Recording in Foreign Language (Accuracy in Dispute)."

Reversed and remanded for a new trial.


SLEET and LUCAS, JJ., Concur.