# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

———————————

No. 3D22-0881
Lower Tribunal No. F19-17098

———————————

**Danny Caldevilla,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>Warren v. State</u>, 307 So. 3d 871, 872 (Fla. 3d DCA 2020) (finding no fundamental error occurred when trial court offered "prosecution-friendly" hypotheticals during voir dire and stating, "We hasten to add, however, that while a trial judge is tasked with explaining to jurors the law they are to apply, the trial judge should rely upon, and seldom stray from, Florida's Standard Jury Instructions. This should not be interpreted as prohibiting a trial judge from using a hypothetical that properly explains the law, but due care must be taken in the process."); <u>Kendle v. State</u>, 255 So. 3d 400, 413 (Fla. 3d DCA 2018) (finding that comments made by the trial court concerning the defendant's right to remain silent "[fell] within the realm of what [was] permitted, but [were] also necessary. Without such cautionary instructions, the jurors would be free to infer or speculate that a defendant who does not testify must surely be guilty, otherwise he would take the stand in his own behalf."); <u>Moore v. State</u>, 939 So. 2d 1116, 1118 (Fla. 3d DCA 2006) (finding the trial court did not abuse its discretion by permitting hypothetical questions during voir dire and stating, "Hypothetical questions, 'designed to determine whether jurors could correctly apply the law, are permissible.' . . . The hypothetical questions did not pretry the case, but tested the venire's ability to accept both testimonial and physical evidence.") (quoting <u>Williams v. State</u>, 931 So. 2d 999, 1000 (Fla. 3d DCA

2006)); <u>Jones v. State</u>, 216 So. 3d 742, 744 (Fla. 4th DCA 2017) ("To obtain a fair and impartial jury, and for 'voir dire examination of jurors . . . to have any meaning, counsel must be allowed to probe attitudes, beliefs and philosophies for the hidden biases and prejudices designed to be elicited by such examination.'") (quoting <u>Lowe v. State</u>, 718 So. 2d 920, 923 (Fla. 4th DCA 1998)).